JUDGE SULLIVAN

DUANE MORRIS LLP
Gregory P. Gulia (GG 4215)
Vanessa C. Hew (VH 4617)
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



-------------------------------------------------------X
ANTHROPOLOGIE, INC.,

                Plaintiff,

     -against-

FOREVER 21, INC.

                Defendant.
-------------------------------------------------------X

Civil Action No.

**COMPLAINT AND JURY DEMAND**

ECF CASE

     Plaintiff, Anthropologie, Inc., by its undersigned attorneys, Duane Morris LLP, for its Complaint alleges as follows:

SUBSTANCE OF THE ACTION

     1.    This is an action for copyright infringement, statutory unfair competition and common law unfair competition and deceptive trade practices under the laws of the State of New York. Plaintiff brings this action based upon defendant's unauthorized past and current sales of various garments that bear patterned images and color schemes that have been copied from and infringe upon copyrighted patterns taken from clothing that was or is currently being sold by Plaintiff at its Anthropologie stores, which provide the basis for Plaintiff's claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., for unfair competition under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a), and

for substantial and related claims of unfair competition and deceptive trade practices under the laws of the State of New York. Plaintiff seeks injunctive relief and damages.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, Sections 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1338(a) and 1338(b), and under principles of supplementary jurisdiction. Venue properly lies in this District under Sections 1391(b) and 1391(c) of the Judicial Code, 28 U.S.C. §§ 1391(b) and 1391(c), because the defendant conducts business in and/or has substantial contacts with and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

## PARTIES

3.   Plaintiff Anthropologie, Inc. ("Anthropologie") is a corporation duly organized and existing under the laws of Pennsylvania with offices at 5000 S. Broad Street, Philadelphia, Pennsylvania 19112. Plaintiff Anthropologie is the owner of copyrights in the design of certain women's garments (collectively "Plaintiff's Copyrights").

4.   Upon information and belief, defendant Forever 21, Inc. (hereinafter, "Forever 21" or "Defendant") is a corporation duly organized and existing under the laws of Delaware, having its principal place of business at 2001 South Alameda Street, Los Angeles, California 90058.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.   Plaintiff's Activities

5.   Anthropologie is a leading seller of women's clothing and accessories. The Anthropologie® brand is well known and Anthropologie® brand products are sold throughout

the country. In recent years, total sales of Anthropologie's women's apparel and accessories, home furnishings, gifts and decorative items were in excess of $500 million.

6. Anthropologie tailors its merchandise and store environment to sophisticated and contemporary women. Anthropologie sells its women's apparel and other products at over 90 Anthropologie stores in the United States, as well as at the www.Anthropologie.com website and through the Anthropologie catalog. Anthropologie's website accepts orders directly from consumers. Anthropologie mails the Anthropologie catalog directly to consumers who can place orders for direct delivery of Anthropologie's women's apparel and other products. Last year, the circulation for the Anthropologie catalog was approximately 21.8 million.

7. The extraordinary success of Anthropologie's products has engendered wide renown with the trade and the public, and the products sold under the Anthropologie brand have a reputation for having distinctive designs and being of the highest quality.

8. Anthropologie created or licensed the original artwork, color cards and pattern designs for certain garments—depicted in Exhibits 1 through 9—for sale at its Anthropologie stores. These garments feature copyrighted patterns and were being, or are currently being, sold at Anthropologie retail stores.

9. Anthropologie also created or licensed the original artwork, color cards and copyrighted pattern designs for the garment that is depicted in Exhibit 14. The garment, which was marketed under the name "Vizcaya Dress," was or is currently being sold at Anthropologie's stores. The garments depicted in Exhibits 1 through 9 and the Vizcaya Dress, depicted in Exhibit 14, are hereinafter referred to collectively as the "Anthropologie Garments."

10. The Anthropologie Garments contain material wholly original and created by Anthropologie. The Anthropologie Garments constitute copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.

11. U.O.D., Inc. filed with the U.S. Copyright Office applications to register the copyrights in each of the garments depicted in Exhibits 1 through 9. Annexed hereto as Exhibit 10 are copies of the filing receipts for these copyright applications and/or Certificates of Registration for these garments.

12. On August 22, 2007, Urban Outfitters, Inc. executed a confirmatory copyright assignment confirming that all rights, title and interest in, to and under the copyrights in the garments depicted in Exhibits 1 through 9 (including all copyright registrations or applications therefor) are the property of Urban Outfitters, Inc. by operation of the Certificate of Ownership and Merger. The Certificate of Ownership and Merger was executed between U.O.D. Inc. and Urban Outfitters Inc. and filed with the Division of Corporations of the State of Delaware. A copy of the Certificate of Ownership and Merger is annexed hereto as Exhibit 11. The Confirmatory Copyright Assignment was filed for recordation with the U.S. Copyright Office on September 5, 2007. A copy of the Confirmatory Copyright Assignment is also annexed hereto as Exhibit 12.

13. On August 29 2007, Urban Outfitters, Inc. assigned all rights, title and interest in, to and under the copyrights in the garments depicted in Exhibits 1 through 9 (including all copyright registrations or applications therefor) to Anthropologie. The aforementioned copyright assignment was filed for recordation with the U.S. Copyright Office on September 5, 2007. A copy of the copyright assignment assigning the copyrights in the aforementioned garments to Anthropologie is annexed hereto as Exhibit 13.

14. On August 31, 2007, Anthropologie filed with the U.S. Copyright Office its application to register the copyrighted pattern featured on the Vizcaya Dress. Annexed hereto as Exhibit 15 is the filing receipt for this copyright application.

15. Anthropologie's women's clothing and products are currently available and sold to consumers throughout this District, this State and the United States.

B.   Defendant's Unlawful Activities

16. Upon information and belief, Forever 21 is a retailer of clothing and accessories for women and girls, which it sells directly to consumers.

17. Upon information and belief, Defendant Forever 21 markets, distributes and sells women and men's clothing, shoes and accessories through retail establishments and online on the website www.forever21.com throughout the United States, Canada, Malaysia, Singapore, Jordan, Kingdom of Bahrain, and the United Arab Emirates.

18. According to Forever 21's website, Forever 21 operates a chain of over 355 retail stores in the United States and averages 30 new store openings per year. Forever 21 is also ranked as one of the 50 largest privately held companies in Los Angeles. According to a Dun & Bradstreet report, Forever 21's annual sales for the 12-month period ending in February 2006 were over $924 million and retail analysts estimate that sales have grown to more than $1 billion last year.

19. Upon information and belief, without the permission or authorization of Plaintiff, Defendant Forever 21 reproduced and created derivative works based upon original elements of the copyrightable Anthropologie Garments (collectively, the "Infringing Merchandise") and marketed, promoted, advertised and sold these unlawful and unauthorized reproductions and/or derivative works in its Forever 21 stores and on its website located at www.forever21.com.

20.     The Infringing Merchandise features patterns, fabrics and color schemes that are identical or virtually identical to the patterns, fabrics and color schemes featured in the copyrighted Anthropologie Garments. Annexed hereto as Exhibits 16 through 24 are digital photographs of the Infringing Merchandise and pictures showing the Infringing Merchandise side-by-side with the Anthropologie Garments. The Infringing Merchandise infringed Anthropologie's copyrights in the Anthropologie Garments and Defendant used these illegal and unauthorized copies/derivative works to market, advertise and promote its business and services. The Infringing Merchandise is currently available and is being sold to consumers throughout this District, this State and the United States.

21.     Upon information and belief, Defendant had access to the Anthropologie Garments, intentionally copied or caused to be copied the patterns and color schemes, and used identical, or nearly identical, fabrics for the Infringing Merchandise. Upon information and belief, Defendant copied or caused to be copied the Anthropologie Garments for the specific purpose of infringing Plaintiff's copyrights in the Anthropologie Garments and selling illegal and unauthorized copies of the Anthropologie Garments for prices that are merely a fraction of the prices charged by Anthropologie. Specifically, the Infringing Merchandise was marketed at retail prices falling within the range of approximately 66% to 83% less than the original price of the Anthropologie Garments.

22.     Upon information and belief, Defendant is attempting to pass its products off as Plaintiff's products in a manner calculated to deceive Plaintiff's customers and members of the general public in that Defendant has copied or caused to be copied the Anthropologie Garments in an effort to make Defendant's infringing products confusingly similar to Plaintiff's products and/or pass off Defendant's products as Plaintiff's own products.

23. Upon information and belief, Forever 21 has engaged in a pattern of deliberate and willful infringement designed to confuse consumers as to the source of its company's products and trade upon Anthropologie's valuable intellectual property, good will and reputation.

24. As further evidence of Forever 21's deliberate pattern of willful infringement and unfair competition, Forever 21's Vice-President of Merchandise Lisa Boissert has publicly stated that Forever 21 does not employ designers, "just very savvy designer merchants." Attached as Exhibit 25 is a copy of an article entitled "Faster Fashion, Cheaper Chic," that was published in The New York Times on May 10, 2007, containing the quote by Ms. Boissert. Further, Ms. Boissert has publicly admitted that Forever 21 "works with many suppliers and does not always know where their ideas originate." Yet, despite Forever 21's lack of staff designers, The New York Times has reported that while it takes most designers several months to get clothes into stores after their debuts on runways, Forever 21 is able to deliver its designs within six weeks.

25. Moreover, Forever 21's acts of copyright infringement are particularly egregious in light of Forever 21's prior infringements of Anthropologie's copyrighted garments last year.

26. On March 30, 2006, Anthropologie filed a complaint against Forever 21 in the matter captioned Anthropologie, Inc. and U.O.D., Inc. v. Forever 21, Inc. (Civil 06-CV-02510) (WHP) in the United States District Court for the Southern District of New York (the "Lawsuit"). In the Lawsuit, Anthropologie alleged various claims of copyright infringement and federal unfair competition based on the infringement of an Anthropologie garment. However, after the filing of the Complaint, Anthropologie discovered that Forever 21 was marketing and selling several additional garments that were identical or virtually identical to copyrighted Anthropologie garments.

7

27.     The predatory practice of willfully infringing the copyrights of successful designers, clothing stores and brands is certainly not new to Forever 21—nor uniquely targeted at Anthropologie. Indeed, since January 1, 2007, Forever 21 has been named as a defendant in at least 17 other federal lawsuits involving claims of copyright infringement, *inter alia*.

28.     Defendant has engaged in a pattern of deliberate and willful infringement designed to misappropriate Plaintiff's Copyrights and intellectual property, confuse consumers as to the source of its company's products and trade upon the valuable good will and reputation of Anthropologie's intellectual property.

29.     Upon information and belief, Plaintiff has lost and will continue to lose substantial revenue from the sale of the Anthropologie Garments and other products and will sustain damage as a result of Defendant's wrongful conduct and Defendant's production and sale of the Infringing Merchandise. Defendant's wrongful conduct has also deprived and will continue to deprive Plaintiff of opportunities for expanding its goodwill. Upon information and belief, unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the Anthropologie Garments and works derived therefrom.

30.     As a direct and proximate result of the acts of Defendant alleged above, Plaintiff has already suffered irreparable damage and lost revenues. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendant has caused and intends to cause by its conduct. Plaintiff will continue to suffer irreparable damage and loss of revenues as a result of damage to Anthropologie's goodwill and reputation and the market for Anthropologie's goods and services until Defendant's actions are enjoined by this Court.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)

31. Plaintiff realleges paragraphs 1 through 30 above and incorporates them by reference as if fully set forth herein.

32. The Anthropologie Garments are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Anthropologie is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the Anthropologie Garments.

33. Upon information and belief, as a result of the open use, display and sales of the copyrighted Anthropologie Garments, Defendant had access to the Anthropologie Garments prior to the sale or distribution of Defendant's Infringing Merchandise.

34. Upon information and belief, Defendant, without the permission or authorization of Plaintiff, has continued to reproduce original elements of the copyrighted Anthropologie Garments and to promote and offer for sale the Infringing Merchandise, which incorporates original elements of the Anthropologie Garments.

35. Upon information and belief, Defendant has profited from the sales of the Infringing Merchandise, which is identical or virtually identical to patterns featured on Plaintiff's copyrighted Anthropologie Garments.

36. Upon information and belief, unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, distribute and otherwise profit from Plaintiff's copyrighted Anthropologie Garments.

37. The natural, probable and foreseeable result of Defendant's wrongful conduct has been and continues to be to deprive Anthropologie of the rights and benefits granted to it under copyright, including the exclusive right to use, reproduce and exploit the Plaintiff's Copyrights

and to create derivative works based on the designs, and to deprive Anthropologie of the good will in Plaintiff's Copyrights, and to injure Anthropologie's relations with present and prospective customers.

38. By its actions, as alleged above, Defendant has infringed and violated Anthropologie's exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. §501, by producing, distributing and selling garments that bear images and color schemes and employ fabrics that are strikingly, or substantially, similar to Anthropologie's copyrighted Anthropologie Garments, all without Anthropologie's authorization or consent.

39. Upon information and belief, Defendant's infringement of Anthropologie's Copyrights is willful and deliberate and Defendant has profited at the expense of Anthropologie.

40. Defendant's conduct has caused and will continue to cause irreparable injury to Anthropologie unless enjoined by this Court. Anthropologie has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

41. Plaintiff realleges paragraphs 1 through 40 above and incorporates them by reference as if fully set forth herein.

42. The Infringing Merchandise sold by Defendant uses copies, variations, simulations or colorable imitations of Plaintiff's Anthropologie Garments and constitutes false designations of origin, false descriptions and representations of goods sold by Defendant and false representations that Defendant's goods are sponsored, endorsed, licensed or authorized by, or affiliated or connected with Plaintiff.

43. Upon information and belief, Defendant has knowingly adopted and used copies, variations, simulations or colorable imitations of Plaintiff's Anthropologie Garments with full knowledge of Plaintiff's copyrights in the Anthropologie Garments.

44. Defendant's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

45. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

46. Plaintiff realleges paragraphs 1 through 45 above and incorporates them by reference as if fully set forth herein.

47. Upon information and belief, Defendant was aware of Plaintiff's prior sale of the Anthropologie Garments and adopted and used the Infringing Merchandise in disregard of Plaintiff's prior intellectual property rights. Upon information and belief, the sale by Defendant of the Infringing Merchandise has resulted in the misappropriation of and trading upon Plaintiff's good will and business reputation at Plaintiff's expense and at no expense to Defendant. The effect of Defendant's misappropriation of the Plaintiff's goodwill symbolized by the Anthropologie Garments is to unjustly enrich Defendant, damage Plaintiff and confuse and/or deceive the public.

48. The Defendant's conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

49. Plaintiff realleges paragraphs 1 through 48 above and incorporates them by reference as if fully set forth herein.

50. By reason of the acts and practices set forth above, Defendant has and is engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or services, in violation of § 349 of the New York General Business Law.

51. The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by the Defendant.

52. Unless enjoined by the Court, Defendant will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Plaintiff. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

1. Preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

   (a) manufacturing, selling, distributing, advertising, promoting or authorizing any third party to manufacture, sell, distribute, advertise or promote the Infringing Merchandise or any other item that infringes Plaintiff's rights;

   (b) directly or indirectly infringing the Plaintiff's Copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Anthropologie Garments or the Plaintiff's Copyrights or to participate or assist in any such activity;

   (c) continuing to market, offer, sell, dispose of, license, transfer, exploit, advertise, promote, reproduce, develop, manufacture, import, or contribute to or actively participate in the marketing, offering, sale, disposition,

licensing, transferring, exploiting, advertising, promotion, reproduction, development, manufacture or importation of any products that bear, contain or incorporate any unauthorized copy or reproduction of the copyrighted Anthropologie Garments or any design substantially similar thereto or derived therefrom;

(d) selling, using or authorizing any third party to sell or use any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Anthropologie Garments in any manner or form, or the marketing, advertising or promotion of same;

(e) imitating, copying or making any unauthorized use of Plaintiff's Anthropologie Garments or any copy, simulation, variation or imitation thereof;

(f) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendant's goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff;

(g) using or authorizing any third party to use in connection with the rendering, offering, advertising, promotion or importing of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with Plaintiff or tend to do so;

(h) diluting the distinctive quality of Plaintiff's Anthropologie Garments;

 (i) registering or applying to register as a copyright, trademark, service mark, trade name or other source identifier or symbol of origin any copyright, mark, trade dress or name that infringes on or is likely to be confused with Plaintiff's Copyrights or marks;

 (j) engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's rights;

 (k) aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (j).

2. Requiring Defendant to formally abandon with prejudice any and all applications to register any copyrights consisting of, or containing, any aspect of the Infringing Merchandise either alone or in combination with other words and/or designs.

3. Requiring Defendant to formally abandon with prejudice any and all applications to register any trademark or service mark consisting of any aspect of the Infringing Merchandise either alone or in combination with other words and/or designs.

4. Requiring Defendant to recall immediately the Infringing Merchandise and any and all advertisements therefor, from all of its distributors, retail establishments or wholesale establishments wherever located in the U.S., and to direct all such distributors, retail establishments or wholesale establishments to cease forthwith the distribution or sale of the Infringing Merchandise, and to immediately remove the Infringing Merchandise from public access.

5. Directing that Defendant abandon its current practice of infringing, misappropriating, and/or copying the patterns of any Anthropologie garments, and/or any

original elements thereof, in connection with its Forever 21 stores and/or any other businesses or stores owned or operated by Defendants.

6. Directing that Defendant deliver for destruction all products and goods, advertisements for such, and other related materials in its possession, or under its control, incorporating or bearing simulations, variations or colorable imitations of Plaintiff's Anthropologie Garments, used alone or in combination with other words and/or designs.

7. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendant is authorized by Plaintiff or related in any way to Plaintiff's products.

8. Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

9. Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendant's copyright infringement, unfair competition, and unfair trade practices.

10. Awarding Plaintiff all gains, profits, property and advantages derived by Defendant from such conduct; and pursuant to 15 U.S.C. § 1117, awarding Plaintiff an amount up to three times the amount of the actual damages sustained as a result of Defendant's violation of the Lanham Act.

11. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000 for each infringement.

12.  Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement.

13.  Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 and 15 U.S.C. § 1117.

14.  Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: New York, N.Y.
       September 6, 2007

                                    Respectfully submitted,

                                    DUANE MORRIS LLP

                                    By: _____
                                         Gregory P. Gulia (GG 4215)
                                         Vanessa Hew (VH 4617)
                                         1540 Broadway
                                         New York, New York 10036-4086
                                         (212) 692-1000

                                    Attorneys for Plaintiff Anthropologie, Inc.

DM2\1202620.1