Peter S. Sloane (PS 7204)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York  10036
Phone: (212) 382-0700
Fax:    (212) 382-0888
E-mail: psloane@ostrolenk.com

Attorneys for Defendant Forever 21, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

ANTHROPOLOGIE, INC.,

      Plaintiff,

      v.

FOREVER 21, INC.,

      Defendant.

Civil Action No.:
07-CV-7873 (RJS)

---

## ANSWER

      Defendant Forever 21, Inc., ("Forever 21"), by and through its attorneys, Ostrolenk, Faber, Gerb & Soffen, LLP, hereby answers the Complaint of Plaintiff Anthropologie, Inc. ("Plaintiff") as follows:

      1.      Forever 21 admits that this action alleges copyright infringement, statutory unfair competition and common law unfair competition and deceptive trade practices under the laws of the State of New York. Forever 21 further admits that Plaintiff purports to seek injunctive relief and damages. Forever 21 is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff brings this action based upon Forever 21's alleged

{00881909.1}

unauthorized past and current sales of various garments.  Forever 21 denies the remaining allegations contained in paragraph 1.

2.      Answering paragraph 2, Forever 21 responds that this paragraph contains legal conclusions to which no pleading response is required.  To the extent a response is required, Forever 21 admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338 and 15 U.S.C. §1121 to the extent that Plaintiff's Complaint is based upon claims arising under the copyright and trademark laws of the United States.  Forever 21 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 2 and, therefore, denies the same.

3.      Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, denies the same.

4.      Forever 21 admits the allegations contained in paragraph 4.

5.      Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, denies the same.

6.      Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies the same.

7.      Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, denies the same.

8.      Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, denies the same.

9.      Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, denies the same.

10.    Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, denies the same.

11.    Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, denies the same.

12.    Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, denies the same.

13.    Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies the same.

14.    Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, therefore, denies the same.

15.    Forever 21 lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies the same.

16.    Forever 21 admits the allegations contained in paragraph 16.

17.    Forever 21 admits that it markets, distributes and sells clothing, shoes and accessories through retail establishments in the United States, Canada, Malaysia, Singapore, Jordan, the Kingdom of Bahrain and the United Arab Emirates.  Forever 21 further admits that it markets, distributes and sells clothing, shoes and accessories online through the web site at www.forever21.com.  Forever 21 further admits that it processes orders with shipping addresses in the U.S. and Canada.  Forever 21 denies the remaining allegations contained in paragraph 17.

18.    Forever 21 admits that its web site states that it operates over 355 locations nationwide and that it averages 30 new store openings per year.  Forever 21 further admits that its web site states that, since 2002, it has been ranked as one of the 50 largest privately held

companies in Los Angeles.  Forever 21 lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 and, therefore, denies the same.

19.   Forever 21 denies the allegations contained in paragraph 19.

20.   Forever 21 denies the allegations contained in paragraph 20.

21.   Forever 21 denies the allegations contained in paragraph 21.

22.   Forever 21 denies the allegations contained in paragraph 22.

23.   Forever 21 denies the allegations contained in paragraph 23.

24.   Forever 21 admits that an article titled "Faster Fashion, Cheaper Chic" was published in The New York Times on May 10, 2007.  Forever 21 further admits that the article stated that Lisa Boisset, identified as Vice-President of Merchandise, stated that Forever 21 employees just very savvy designer merchants.  Forever 21 further admits that the article stated that Ms. Boisset said that the company works with many suppliers and does not always know where their ideas originate.  Forever further admits that the article stated that Forever 21 delivers its designs within six weeks.  Forever 21 denies the remaining allegations contained in paragraph 24.

25.   Forever 21 denies the allegations contained in paragraph 25.

26.   Forever 21 admits that, on or about March 30, 2006, Anthropologie filed a complaint against Forever 21 in the matter captioned Anthropologie, Inc. and U.O.D., Inc. v. Forever 21, Inc. (Civil 06-CV-02510)(WHP) in the United States District Court for the Southern District of New York.  Forever 21 further admits that Plaintiff alleged various claims of copyright infringement and federal unfair competition based upon the alleged infringement of an Anthropologie garment.  Forever 21 lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 and, therefore, denies the same.

27.    Forever 21 lacks information sufficient to form a belief as to the truth of the allegation that, since January 1, 2007, it has been named as a defendant in at least 17 other federal lawsuits involving claims of copyright infringement among other things. Forever 21 denies the remaining allegations contained in paragraph 27.

28.    Forever 21 denies the allegations contained in paragraph 28.

29.    Forever 21 denies the allegations contained in paragraph 29.

30.    Forever 21 denies the allegations contained in paragraph 30.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)

31.    Forever 21 realleges and incorporates by reference the responses contained in paragraphs 1 through 30 as though fully set forth below.

32.    Forever 21 denies the allegations contained in paragraph 32.

33.    Forever 21 denies the allegations contained in paragraph 33.

34.    Forever 21 denies the allegations contained in paragraph 34.

35.    Forever 21 denies the allegations contained in paragraph 35.

36.    Forever 21 denies the allegations contained in paragraph 36.

37.    Forever 21 denies the allegations contained in paragraph 37.

38.    Forever 21 denies the allegations contained in paragraph 38.

39.    Forever 21 denies the allegations contained in paragraph 39.

40.    Forever 21 denies the allegations contained in paragraph 40.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125 (a))

41.     Forever 21 realleges and incorporates by reference the responses contained in paragraphs 1 through 30 as though fully set forth below.

42.     Forever 21 denies the allegations contained in paragraph 42.

43.     Forever 21 denies the allegations contained in paragraph 43.

44.     Forever 21 denies the allegations contained in paragraph 44.

45.     Forever 21 denies the allegations contained in paragraph 45.


## THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

46.     Forever 21 realleges and incorporates by reference the responses contained in paragraphs 1 through 30 as though fully set forth below.

47.     Forever 21 denies the allegations contained in paragraph 47.

48.     Forever 21 denies the allegations contained in paragraph 48.


## FOURTH CLAIM FOR RELIEF
## DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

49.     Forever 21 realleges and incorporates by reference the responses contained in paragraphs 1 through 30 as though fully set forth below.

50.     Forever 21 denies the allegations contained in paragraph 50.

51.     Forever 21 denies the allegations contained in paragraph 51.

52.     Forever 21 denies the allegations contained in paragraph 52.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

53.      Forever 21 has not infringed any valid copyrights of Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

54.      Plaintiff's Complaint, and each and every cause of action therein, is barred, either in whole or in part, because the copyrights asserted are invalid, void and/or unenforceable.

**THIRD AFFIRMATIVE DEFENSE**

55.      Forever 21 did not manufacture or otherwise produce any of the designs at issue.

**FOURTH AFFIRMATIVE DEFENSE**

56.      Forever 21 had no prior knowledge of any of the copyrights purportedly owned by Plaintiff and any infringement of such copyrights by Forever 21 was inadvertent and otherwise non-willful.

**FIFTH AFFIRMATIVE DEFENSE**

57.      The Anthropologie Garments are not inherently distinctive.

**SIXTH AFFIRMATIVE DEFENSE**

58.      The Anthropologie Garments do not have any acquired distinctiveness.

**SEVENTH AFFIRMATIVE DEFENSE**

59.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

60.    Plaintiff has no copyrightable interest in the subject matter recited, does not own the copyrights alleged in the Complaint, or otherwise lacks standing.

## NINTH AFFIRMATIVE DEFENSE

61.    Plaintiff's copyright applications asserted in the Complaint have not matured into registrations.

## TENTH AFFIRMATIVE DEFENSE

62.    Forever 21 has not infringed any copyrightable expression of Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

63.    Plaintiff's claims are barred, in whole or in part, as the claims were filed for an improper purpose and lack a reasonable and good faith basis in fact.

## TWLEFTH AFFIRMATIVE DEFENSE

64.    Plaintiff's state law claims are pre-empted by 17 U.S.C. § 301.

## THIRTEENTH AFFIRMATIVE DEFENSE

65.    Plaintiff's state law claims are pre-empted by, and inconsistent with, copyright law and the First Amendment to the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

66.    Plaintiff has not suffered any compensable damages because Forever 21's purported actions have not and are not likely to cause consumer confusion.

## FIFTEENTH AFFIRMATIVE DEFENSE

67.    Plaintiff has not suffered any damages because Forever 21's purported actions have not deprived Plaintiff of any profits.

## SIXTEENTH AFFIRMATIVE DEFENSE

68.    To the extent Plaintiff has suffered damages, any such damages were caused by superceding causes, and not by any act or omission by Forever 21.

## SEVENTEENTH AFFIRMATIVE DEFENSE

69.    Plaintiff has failed to mitigate its alleged damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

70.    Plaintiff's damages are barred, in whole or in part, because they are too remote and speculative.

## NINETEENTH AFFIRMATIVE DEFENSE

71.    Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

72.    Plaintiff's claims are barred, in whole or in part, by the principles of consent, acquiescence, ratification, and/or legal justification.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

73.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

74.    Plaintiff's claims are barred by the doctrine of unclean hands.

**WHEREFORE**, Forever 21 prays for the following relief:

A.    Dismissal of the Complaint with prejudice;

B.    An award to Forever 21 of its costs in this action including its reasonable attorneys' fees; and

C.    Such other and further relief as the Court may deem just and proper.

Dated: November 21, 2007          Respectfully submitted,
      New York, New York

OSTROLENK, FABER, GERB & SOFFEN, LLP

By:
    Peter S. Sloane (PS 7204)
1180 Avenue of the Americas
New York, New York  10036-8403
Telephone:    (212) 382-0700
Facsimile:    (212) 382-0888
E-Mail:        psloane@ostrolenk.com

Attorneys for Defendant Forever 21, Inc.

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing **ANSWER** was served upon counsel for Plaintiff this 21st day of November, 2007, by ECF and First Class mail, postage prepaid, addressed as follows:

Gregory P. Gulia, Esq.
Duane Morris LLP
380 Lexington Avenue
New York, New York  10168

Peter S. Sloane