USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/08

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
ANTHROPOLOGIE, INC.,                :
                                    :   Civil Action No. 07-CV-7873 (RJS)
                    Plaintiff,      :
                                    :   **CASE MANAGEMENT PLAN**
       -against-                    :   **AND SCHEDULING ORDER**
                                    :
                                    :
FOREVER 21, INC.                    :   ECF CASE
                                    :
                    Defendant.      :
-------------------------------------------------------X

RICHARD J. SULLIVAN, District Judge:

  At the conference before the Court held on January 7, 2008, this Case Management Plan and Scheduling Order was adopted in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure.

1.  All parties do not consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

2.  This case is to be tried to a jury.

3.  No additional parties may be joined except with leave of the Court. Plaintiff is considering seeking leave of the Court to add third-party vendors who manufactured and/or provided the disputed garments to Defendant as defendants in the above-referenced litigation.

4.  Amended pleadings may not be filed except with leave of the Court. Plaintiff is considering seeking leave of the Court to amend the complaint to include claims against the third-party vendors who manufactured and/or provided the disputed garments to Defendant.

5.  Initial disclosures pursuant to Rule 26(a)(1) will be completed not later than January 21, 2008 [within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f)].

6.  All *fact* discovery is to be completed no later than **July 1, 2008** in light of the facts that there are nine garments in dispute in this litigation and **Plaintiff is considering adding approximately six third-party vendors who manufactured and/or provided the disputed garments to Defendant as defendants in this action.**

7.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The

following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties meet the fact discovery completion date in ¶ 6 above:

    a.    Initial requests for production of documents to be served by January 28, 2008.

    b.    Local Rule 33.3 (a) Interrogatories to be served by January 28, 2008.

    c.    Depositions to be completed by ~~July~~ 1, 2008.

        i.    Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    The parties have agreed that third-party discovery (including non-party depositions) shall be conducted simultaneously with fact discovery on the parties.

    d.    First Set of Requests to Admit to be served no later than May 2, 2008.

8.    All *expert* disclosures, including reports, production of underlying documents and depositions are to be completed by:

    a.    Expert(s) of Plaintiff(s) - ~~October 29, 2008~~. *Sept. 15, 2008*

    b.    Expert(s) of Defendant(s) - ~~October 29, 2008~~. *Sept. 15, 2008*

9.    All discovery is to be completed no later than ~~October 29, 2008~~. *Sept. 17, 2008*

10.    The Court will schedule a post-discovery status conference (see ¶ 16) within three weeks of the close of all discovery. *Oct. 9, 2008 at 10:00*

11.    Pre-motion letters regarding dispositive motions, if any, are to be submitted no later than two weeks prior to the post-discovery status conference date listed in ¶ 16. In accord with this Court's Individual Rule 2.A, response letters thereto are to be submitted within three business days from service of the initial pre-motion letter. *Pre-motion letters by Sept. 23, 2008; response by Sept. 26, 2008*

12.    All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery. Accordingly, Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request:

    a.    _____X_____ Referral to a Magistrate Judge for settlement discussions

*MJ Dolinger shall contact the parties by the beginning of March 2008*

2

        b.      _____ Referral to the Southern District's Mediation Program

13.    The parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practice Rule 3 and Rule 26(a)(3). If this action is to be tried before a jury, proposed voir dire, jury instructions, and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on jury instructions and verdict form in an effort to make an agreed upon submission.

14.    Parties have conferred and their present best estimate of the length of trial is three to five days.

**TO BE COMPLETED BY THE COURT:**

15.    [Other directions to the parties:]

16.    The post-discovery status conference is scheduled for _Oct. 9_ _2008_ at _10:00 am_.

SO ORDERED.

DATED:    New York, New York
               January 3, 2008

                              RICHARD J. SULLIVAN
                              UNITED STATES DISTRICT JUDGE