Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ANTHROPOLOGIE, INC.,                    :
                                        :
                     Plaintiff,         :    Civil Action No.
                                        :    07-CV-7873 (RJS) (MHD)
          -against-                     :
                                        :
FOREVER 21, INC.,                       :
ONE CLOTHING, INC., ORIGINAL INC.,      :
SALT & PEPPER, STEPS OF CA,             :
UNO TEXTILE, and                        :
CONCORD VENTURE                         :    ECF CASE
                                        :
                     Defendants.        :
-----------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

Plaintiff Anthropologie, Inc., by its undersigned attorneys, Duane Morris LLP, for its

Complaint alleges as follows:

SUBSTANCE OF THE ACTION

1.     This is an action for copyright infringement, statutory unfair competition and

common law unfair competition and deceptive trade practices under the laws of the State of New

York. Plaintiff brings this action based upon defendants' unauthorized past and current sales of

various garments that bear patterned images and color schemes that have been copied from and

infringe upon copyrighted patterns taken from clothing that was or is currently being sold by

Plaintiff at its A    _____ for Plaintiff's claims for copyright

infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., for unfair competition

under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a), and

for substantial and related claims of unfair competition and deceptive trade practices under the

laws of the State of New York. Plaintiff seeks injunctive relief and damages.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the

"Lanham Act"), 15 U.S.C. § 1121, Sections 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C.

§§ 1338(a) and 1338(b), and under principles of supplemental jurisdiction. Venue properly lies

in this District under Sections 1391(b) and 1391(c) of the Judicial Code, 28 U.S.C. §§ 1391(b)

and 1391(c), because the defendants conduct business in and/or have substantial contacts with

and/or may be found in the Southern District of New York, and a substantial portion of the

events at issue have arisen and/or will arise in this judicial district.

3.      Upon information and belief, Defendants transact business in the State of New

York, have committed one or more tortious acts within the State of New York and/or caused

injury within the State of New York. Upon information and belief, Defendants regularly do or

solicit business, or engage in persistent conduct, or derive substantial revenue from goods sold or

services rendered, in the State of New York and/or expect or should reasonably expect their

conduct to have consequences in the State of New York, and derive substantial revenue from

interstate or international commerce.

## PARTIES

4.      Plaintiff Anthropologie, Inc. ("Anthropologie") is a corporation duly organized

and existing under the laws of Pennsylvania with offices at 5000 S. Broad Street, Philadelphia,

2

Pennsylvania 19112. Plaintiff is the owner of valid federal copyrights in the design of certain women's garments (collectively "Plaintiff's Copyrights").

5.     Upon information and belief, Defendant Forever 21, Inc. ("Forever 21") is a corporation duly organized and existing under the laws of Delaware, having its principal place of business at 2001 South Alameda Street, Los Angeles, California 90058.

6.     Upon information and belief, Defendant One Clothing, Inc. ("One Clothing") is purportedly a corporation having a place of business at 2121 E. 37th Street, Los Angeles, California 90058.

7.     Upon information and belief, Defendant Original, Inc. ("Original") is purportedly a corporation having a place of business at 1015 S. Crocker Street, #Q23, Los Angeles, California 90021.

8.     Upon information and belief, Defendant Salt & Pepper ("Salt & Pepper") is a company having a place of business at 1015 S. Crocker Street #S08, Los Angeles, California 90021.

9.     Upon information and belief, Defendant Steps of CA ("Steps of CA") is a company having a place of business at 2155 E. 7th, #125, Los Angeles, California 90023.

10.     Upon information and belief, Defendant Uno Textile ("Uno Textile") is a fictitious business name registered with the California Secretary of State and purportedly has a place of business at 1015 E. 14th Street, Los Angeles, California 90021.

11.     Upon information and belief, Defendant Concord Ventures ("Concord") is a company having an address at P.O. Box 9117 Saif Zone, Sharjah, United Arab Emirates.

3


A.    **Plaintiff's Activities**

12.    Anthropologie is a leading seller of women's clothing and accessories. The Anthropologie® brand is well known and Anthropologie® brand products are sold throughout the country. In recent years, total sales of Anthropologie's women's apparel and accessories, home furnishings, gifts and decorative items were in excess of $500 million.

13.    Anthropologie tailors its merchandise and store environment to sophisticated and contemporary women. Anthropologie sells its women's apparel and other products at over 90 Anthropologie stores in the United States, as well as at the www.Anthropologie.com website and through the Anthropologie catalog. Anthropologie's website accepts orders directly from consumers. Anthropologie mails the Anthropologie catalog directly to consumers who can place orders for direct delivery of Anthropologie's women's apparel and other products. Last year, the circulation for the Anthropologie catalog was approximately 21.8 million.

14.    The extraordinary success of Anthropologie's products has engendered wide renown with the trade and the public, and the products sold under the Anthropologie brand have a reputation for having distinctive designs and being of the highest quality.

15.    Anthropologie created or licensed the original artwork, color cards and pattern designs for certain garments—depicted in Exhibits 1 through 9—for sale at its Anthropologie stores. These garments feature copyrighted patterns and were being, or are currently being, sold at Anthropologie retail stores.

16.    Anthropologie also created or licensed the original artwork, color cards and copyrighted pattern design for the garment that is depicted in Exhibit 14. The garment, which was marketed under the name "Vizcaya Dress," was or is currently being sold at Anthropologie's

4

IHD. Document 8 Filed

tures. The garment ~~~~~~~~~~~~~~~~~~~~~ the V~~~~~ess, depicted in E~~~~~~~ 14, are hereinafter referred to collectively as the "Anthropologie Garments."

17.     The Anthropologie Garments contain material wholly original and created by Anthropologie. The Anthropologie Garments constitute copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.

18.     U.O.D., Inc. filed with the U.S. Copyright Office applications to register the copyrights in each of the garments depicted in Exhibits 1 through 9. Annexed hereto as Exhibit 10 are copies of the filing receipts for these copyright applications and/or Certificates of Registration for these garments.

19.     On August 22, 2007, Urban Outfitters, Inc. executed a confirmatory copyright assignment confirming that all rights, title and interest in, to and under the copyrights in the garments depicted in Exhibits 1 through 9 (including all copyright registrations or applications therefor) are the property of Urban Outfitters, Inc. by operation of the Certificate of Ownership and Merger. The Certificate of Ownership and Merger was executed between U.O.D. Inc. and Urban Outfitters Inc. and filed with the Division of Corporations of the State of Delaware. A copy of the Certificate of Ownership and Merger is annexed hereto as Exhibit 11. The Confirmatory Copyright Assignment was filed for recordation with the U.S. Copyright Office on September 5, 2007. A copy of the Confirmatory Copyright Assignment is also annexed hereto as Exhibit 12.

20.     On August 29, 2007, Urban Outfitters, Inc. assigned all rights, title and interest in, to and under the copyrights in the garments depicted in Exhibits 1 through 9 (including all copyright registrations or applications therefor) to Anthropologie. The aforementioned copyright assignment was filed for recordation with the U.S. Copyright Office on September 5, 2007. A

5

IHD Document 18 Filed

copy of the copyright registration certificate for the aforementioned garments to Anthropologie is annexed hereto as Exhibit 13.

21. On August 31, 2007, Anthropologie filed with the U.S. Copyright Office its application to register the copyrighted pattern featured on the Vizcaya Dress. Annexed hereto as Exhibit 15 is a copy of the filing receipts for this copyright application and/or the Certificates of Registration for this garment.

22. Anthropologie's women's clothing and products are currently available and sold to consumers throughout this District, this State and the United States.

B. Defendants' Unlawful Activities

23. Upon information and belief, Forever 21 is a retailer of clothing and accessories for women and girls, which it sells directly to consumers.

24. Upon information and belief, Defendant Forever 21 markets, distributes and sells women and men's clothing, shoes and accessories through retail establishments and online on the website www.forever21.com throughout the United States, Canada, Malaysia, Singapore, Jordan, Kingdom of Bahrain, and the United Arab Emirates.

25. According to Forever 21's website, Forever 21 operates a chain of over 355 retail stores in the United States and purportedly averages 90 new store openings per year. Forever 21 has a net worth of over $275 million and is ranked as one of the 50 largest privately held companies in Los Angeles. According to a Dun & Bradstreet report, Forever 21's annual sales were $1,056,392,000 for the 12-month period ending in March 2007.

26. Upon information and belief, without the permission or authorization of Plaintiff, Forever 21 reproduced and created, and/or directed the reproduction and creation of, derivative works based upon original elements of the copyrightable Anthropologie Garments (collectively,

6

the "Infringing Merchandise"), to market, advertise and sell these unlawful and unauthorized reproductions and/or derivative works in its Forever 21 stores and on its website located at www.forever21.com.

27.  According to Defendant Forever 21, Defendants One Clothing, Original, Salt & Pepper, Steps of CA, Uno Textile and Concord are the "source" of one or more of the garments comprising the Infringing Merchandise. Annexed hereto as Exhibit 16 is a copy of Defendant Forever 21's Initial Disclosures identifying Defendants One Clothing, Original, Salt & Pepper, Steps of CA, Uno Textile and Concord as the source of the Infringing Merchandise, which was served by Forever 21 in connection with the above-captioned action on January 28, 2008.

28.  Upon information and belief, Defendants One Clothing, Original, Salt & Pepper, Steps of CA, Uno Textile and Concord, independently or under the direction of Forever 21, created and reproduced one or more garments comprising the Infringing Merchandise and marketed, promoted, advertised and sold these unlawful and unauthorized reproductions and/or derivative works to Forever 21 and/or other third-party retailers and/or distributors.

29.  The Infringing Merchandise features patterns, fabrics and color schemes that are identical or virtually identical to the patterns, fabrics and color schemes featured in the copyrighted Anthropologie Garments. Annexed hereto as Exhibits 17 through 25 are digital photographs of the Infringing Merchandise and pictures showing the Infringing Merchandise side-by-side with the Anthropologie Garments. The Infringing Merchandise infringed Anthropologie's copyrights in the Anthropologie Garments and Defendants used these illegal and unauthorized copies/derivative works to market, advertise and promote their businesses and services. The Infringing Merchandise is currently available and is being sold to consumers throughout this District, this State and the United States.

7

30.    Upon information and belief, Defendants access to the Anthropologie

Garments, intentionally copied or caused to be copied the patterns and color schemes, and used

identical, or nearly identical, fabrics for the Infringing Merchandise. Upon information and

belief, Defendants copied or caused to be copied the Anthropologie Garments for the specific

purpose of infringing Plaintiff's copyrights in the Anthropologie Garments and selling illegal and

unauthorized copies of the Anthropologie Garments for prices that are merely a fraction of the

prices charged by Anthropologie. Specifically, the Infringing Merchandise was marketed at

retail prices falling within the range of approximately 66% to 83% less than the original price of

the Anthropologie Garments.

31.    Upon information and belief, Defendants are attempting to pass their products off

as Plaintiff's products in a manner calculated to deceive Plaintiff's customers and members of

the general public in that Defendants have copied or caused to be copied the Anthropologie

Garments in an effort to make Defendants' infringing products confusingly similar to Plaintiff's

products and/or pass off Defendants' products as Plaintiff's own products.

32.    Upon information and belief, Defendants have engaged in a pattern of deliberate

and willful infringement designed to confuse consumers as to the source of their companies'

products and trade upon Anthropologie's valuable intellectual property, good will and reputation.

33.    As further evidence of Forever 21's deliberate pattern of willful infringement and

unfair competition, Forever 21's Vice-President of Merchandise Lisa Boissert has publicly stated

that Forever 21 does not employ designers, but "uses very savvy designer merchants." Attached as

Exhibit 26 is a copy of an article entitled "Faster Fashion, Cheaper Chic," that was published in

The New York Times on May 10, 2007, containing the quote by Ms. Boissert. Further, Ms.

Boissert has publicly admitted that Forever 21 "works with many suppliers and does not always

know where the ideas come from, and when it lacks its own designers, The New York Times has reported that while it takes most designers several months to get clothes into stores after their debuts on runways, Forever 21 is able to debut its designs within six weeks.

34. Moreover, Forever 21's acts of copyright infringement are particularly egregious in light of Forever 21's prior infringements of Anthropologie's copyrighted garments last year.

35. On March 30, 2006, Anthropologie filed a complaint against Forever 21 in the matter captioned Anthropologie, Inc. and U.O.D., Inc. v. Forever 21, Inc. (Civil 06-CV-02510) (WHP), in the United States District Court for the Southern District of New York (the "Lawsuit"). In the Lawsuit, Anthropologie alleged various claims of copyright infringement and federal unfair competition based on the infringement of an Anthropologie garment. However, after the filing of the Complaint, Anthropologie discovered that Forever 21 was marketing and selling several additional garments that were identical or virtually identical to copyrighted Anthropologie garments. Recently, Anthropologie discovered that Forever 21 was selling identical or virtually identical copies of at least eight other Anthropologie garments and initiated the above-captioned action in this United States District Court for the Southern District of New York.

36. The predatory practice of willfully infringing the copyrights of successful designers, clothing stores and brands is certainly not new to Forever 21—nor uniquely targeted at Anthropologie. Indeed, in the past two years, Forever 21 has been named as a defendant in at least thirty-three (33) federal lawsuits involving, *inter alia*, claims of copyright infringement (including two actions brought by Anthropologie within less than two years).

9

37.     Moreover, these designers have the infringement of multiple designs—indeed, one action initiated by Anna Sui Corp. alleges that Forever 21 has willfully infringed over two dozen designs.

38.     Defendants have engaged in a pattern of deliberate and willful infringement designed to misappropriate Plaintiff's Copyrights and intellectual property, confuse consumers as to the source of their companies' products and trade upon the valuable good will and reputation of Anthropologie's intellectual property.

39.     Upon information and belief, Plaintiff has lost and will continue to lose substantial revenue from the sale of the Anthropologie Garments and other products and will sustain damage as a result of Defendants' wrongful conduct and Defendants' production and sale of the Infringing Merchandise.  Defendants' wrongful conduct has also deprived and will continue to deprive Plaintiff of opportunities for expanding its goodwill.  Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the Anthropologie Garments and works derived therefrom.

40.     As a direct and proximate result of the acts of Defendants alleged above, Plaintiff has already suffered irreparable damage and lost revenues.  Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct.  Plaintiff will continue to suffer irreparable damage and loss of revenues as a result of damage to Anthropologie's goodwill and reputation and the market for Anthropologie's goods and services until Defendants' actions are enjoined by this Court.

DM01339883.2



41.     Plaintiff realleges paragraphs 1 through 40 above and incorporates them by reference as if fully set forth herein.

42.     The Anthropologie Garments are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Anthropologie is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the Anthropologie Garments.

43.     Upon information and belief, as a result of the open use, display and sales of the copyrighted Anthropologie Garments, Defendants had access to the Anthropologie Garments prior to the sale or distribution of Defendants' Infringing Merchandise.

44.     Upon information and belief, Defendants, without the permission or authorization of Plaintiff, have continued to reproduce original elements of the copyrighted Anthropologie Garments and to promote and offer for sale the Infringing Merchandise, which incorporates original elements of the Anthropologie Garments.

45.     Upon information and belief, Defendants have profited from the sales of the Infringing Merchandise, which is identical or virtually identical to patterns featured on Plaintiff's copyrighted Anthropologie Garments.

46.     Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, distribute and otherwise profit from Plaintiff's copyrighted Anthropologie Garments.

47.     The natural, probable and foreseeable result of Defendants' wrongful conduct has been and continues to be to deprive Anthropologie of the rights and benefits granted to it under copyright, including the exclusive right to use, reproduce and exploit the Plaintiff's Copyrights

11

and to create <span>derivative works based upon Plaintiff's copyrights to deprive Anthropologie of the</span>

will in Plaintiff's Copyrights, and to injure Anthropologie's relations with present and prospective customers.

48. By their actions, as alleged above, Defendants have infringed and violated Anthropologie's exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. §501, by producing, distributing and selling garments that bear images and color schemes and employ fabrics that are strikingly, or substantially, similar to Anthropologie's copyrighted Anthropologie Garments, all without Anthropologie's authorization or consent.

49. Upon information and belief, Defendants' infringement of Anthropologie's Copyrights is willful and deliberate and Defendants have profited at the expense of Anthropologie.

50. Defendants' conduct has caused and will continue to cause irreparable injury to Anthropologie unless enjoined by this Court. Anthropologie has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

51. Plaintiff realleges paragraphs 1 through 50 above and incorporates them by reference as if fully set forth herein.

52. The Infringing Merchandise sold by Defendants uses copies, variations, simulations or colorable imitations of Plaintiff's Anthropologie Garments and constitutes false designations of origin, false descriptions and representations of goods sold by Defendants and false representations that Defendants' goods are sponsored, endorsed, licensed or authorized by, or affiliated or connected with Plaintiff.

12

53. Upon information and belief, Defendants have knowingly adopted and used copies, variations, simulations or colorable imitations of Plaintiff's Anthropologie Garments with full knowledge of Plaintiff's copyrights in the Anthropologie Garments.

54. Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

55. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

56. Plaintiff realleges paragraphs 1 through 55 above and incorporates them by reference as if set forth herein.

57. Upon information and belief, Defendants were aware of Plaintiff's prior sale of the Anthropologie Garments and adopted and used the Infringing Merchandise in disregard of Plaintiff's prior intellectual property rights. Upon information and belief, the sale by Defendants of the Infringing Merchandise has resulted in the misappropriation of and trading upon Plaintiff's good will and business reputation at Plaintiff's expense and at no expense to Defendants. The effect of Defendants' misappropriation of the Plaintiff's goodwill symbolized by the Anthropologie Garments is to unjustly enrich Defendants, damage Plaintiff and confuse and/or deceive the public.

58. Defendants' conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

DM1\1599883.2

59.    Plaintiff realleges paragraphs 1 through 58 above and incorporates them by reference as if fully set forth herein.

60.    By reason of the acts and practices set forth above, Defendants have and are engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or services, in violation of § 349 of the New York General Business Law.

61.    The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendants.

62.    Unless enjoined by the Court, Defendants will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Plaintiff. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

1.    Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from:

    (a)    manufacturing, selling, distributing, advertising, promoting or authorizing any third party to manufacture, sell, distribute, advertise or promote the Infringing Merchandise or any other item that infringes Plaintiff's rights;

    (b)    directly or indirectly infringing the Plaintiff's Copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the

14

rights or to participate in or assist in any such activity;

(c) continuing to market, offer, sell, dispose of, license, transfer, exploit, advertise, promote, reproduce, develop, manufacture, import, or contribute to or actively participate in the marketing, offering, sale, disposition, licensing, transferring, exploiting, advertising, promotion, reproduction, development, manufacture or importation of any products that bear, contain or incorporate any unauthorized copy or reproduction of the copyrighted Anthropologie Garments or any design substantially similar thereto or derived therefrom;

(d) selling, using or authorizing any third party to sell or use any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Anthropologie Garments in any manner or form, or the marketing, advertising or promotion of same;

(e) imitating, copying or making any unauthorized use of Plaintiff's Anthropologie Garments or any copy, simulation, variation or imitation thereof;

(f) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff;

(g) using or authorizing any third party to use in connection with the rendering, offering, advertising, promotion or importing of any goods, any

DM1\3339883.2

marks, names, words, symbols, devices or trade dress which falsely

associate such goods or services with Plaintiff or tend to do so;

(h) diluting the distinctive quality of Plaintiff's Anthropologie Garments;

(i) registering or applying to register as a copyright, trademark, service mark,

trade name or other source identifier or symbol of any copyright,

mark, trade dress or name that infringes on or is likely to be confused with

Plaintiff's Copyrights or marks;

(j) engaging in any other activity constituting unfair competition with

Plaintiff, or constituting an infringement of Plaintiff's rights;

(k) aiding, assisting or abetting any other party in doing any act prohibited by

sub-paragraphs (a) through (j).

2.      Requiring Defendants to formally abandon with prejudice any and all applications

to register any copyrights consisting of, or containing, any aspect of the Infringing Merchandise

either alone or in combination with other words and/or designs.

3.      Requiring Defendants to formally abandon with prejudice any and all applications

to register any trademark or service mark consisting of any aspect of the Infringing Merchandise

either alone or in combination with other words and/or designs.

4.      Requiring Defendants to recall immediately the Infringing Merchandise and any

and all advertisements therefor, from any and all distributors, retail establishments or wholesale

establishments wherever located in the U.S., and to direct all such distributors, retail

establishments or wholesale establishments to cease forthwith the distribution or sale of the

Infringing Merchandise and/or manufacturing or producing infringing Merchandise from public access.

5.      Directing that Defendants abandon their current practice of infringing, misappropriating, and/or copying the patterns of any Anthropologie garments, and/or any original elements thereof, in connection with the Forever 21 stores and/or any other businesses or stores owned or operated by any of the Defendants.

6.      Directing that Defendants deliver for destruction all products and goods, advertisements for such, and other related materials in their possession, or under their control, incorporating or bearing simulations, variations or colorable imitations of Plaintiff's Anthropologie Garments, used alone or in combination with other words and/or designs.

7.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants is authorized by Plaintiff or related in any way to Plaintiff's products.

8.      Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

9.      Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendants' copyright infringement, unfair competition, and unfair trade practices.

10.     Awarding Plaintiff all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1117, awarding Plaintiff an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

D601359883.2

11. Awarding Plaintiff its actual property and damages obtained or derived by Defendants from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000 for each infringement.

12. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement.

13. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 and 15 U.S.C. § 1117.

14. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

DM1\3399883.2

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: New York, N.Y.
May 27, 2008

Respectfully submitted,

DUANE MORRIS LLP

By: 

    Gregory P. Gulia
    Vanessa Hew
    1540 Broadway
    New York, New York 10036-4086
    (212) 692-1000

    Attorneys for Plaintiff Anthropologie, Inc.