DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
ANTHROPOLOGIE, INC.,                          :
                                              :
                                              :
                 Plaintiff,                   :
                                              :    Civil Action No.
        -against-                             :    07-CV-7873 (RJS) (MHD)
                                              :
FOREVER 21, INC., DO WON CHANG,               :
JIN SOOK CHANG, ONE CLOTHING, INC.,           :    ECF CASE
ORIGINAL INC., SALT & PEPPER,                 :
STEPS OF CA, UNO TEXTILE, and                 :
CONCORD VENTURE                               :
                                              :
                 Defendants.                  :
-----------------------------------------------------------------X

## SECOND AMENDED COMPLAINT

Plaintiff Anthropologie, Inc., by its undersigned attorneys, Duane Morris LLP, for its Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.   This is an action for copyright infringement, statutory unfair competition, common law unfair competition and deceptive trade practices under the laws of the State of New York. Plaintiff brings this action based upon Defendants' unauthorized past and current sales of various garments that bear patterned images and color schemes that have been copied from and infringe upon copyrighted patterns taken from clothing that was or is currently being sold by

Plaintiff at its Anthropologie stores, which provide the basis for Plaintiff's claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., for unfair competition under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition and deceptive trade practices under the laws of the State of New York. Plaintiff seeks injunctive relief and damages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, Sections 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1338(a) and 1338(b), and under principles of supplemental jurisdiction. Venue properly lies in this District under Sections 1391(b) and 1391(c) of the Judicial Code, 28 U.S.C. §§ 1391(b) and 1391(c), because the Defendants conduct business in and/or have substantial contacts with and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

3. Upon information and belief, Defendants transact business in the State of New York or contracted to supply goods in the State of New York, have committed one or more tortious acts within the State of New York and/or have committed one or more tortious acts which caused injury to a person or property within the State of New York. Upon information and belief, Defendants regularly do or solicit business, or engage in persistent conduct, or derive substantial revenue from goods sold or services rendered in the State of New York and/or expected or should reasonably have expected their conduct to have consequences in the State of New York, and currently derive and/or have derived substantial revenue from interstate or international commerce.

## PARTIES

4. Plaintiff Anthropologie, Inc. ("Anthropologie") is a corporation duly organized and existing under the laws of Pennsylvania with offices at 5000 S. Broad Street, Philadelphia, Pennsylvania 19112. Anthropologie is the owner of copyrights in the design of certain women's garments (collectively, "Plaintiff's Copyrights").

5. Upon information and belief, Defendant Forever 21, Inc. ("Forever 21") is a corporation duly organized and existing under the laws of Delaware, having its principal place of business at 2001 South Alameda Street, Los Angeles, California 90058.

6. Upon information and belief, Defendant Do Won Chang is the owner, co-founder and Chief Executive Officer of Forever 21 and supervises and/or controls the activities and operations of Forever 21. Upon information and belief, Do Won Chang resides at 101 Copley Place, Beverly Hills, California 90210-3004.

7. Upon information and belief, Defendant Jin Sook Chang is the owner, co-founder and Head Buyer of Forever 21 and supervises and/or controls the activities and operations of Forever 21. Upon information and belief, Jin Sook Chang resides at 101 Copley Place, Beverly Hills, California 90210-3004. Defendants Do Won Chang and Jin Sook Chang are hereinafter collectively referred to as the "Changs."

8. Upon information and belief, Defendant One Clothing, Inc. ("One Clothing") is purportedly a corporation having a place of business at 2121 E. 37th Street, Los Angeles, California 90058.

9. Upon information and belief, Defendant Original, Inc. ("Original") is purportedly a corporation having a place of business at 1015 S. Crocker Street, #Q23, Los Angeles, California 90021.

10. Upon information and belief, Defendant Salt & Pepper ("Salt & Pepper") is a company having a place of business at 1015 S. Crocker Street #S08, Los Angeles, California 90021.

11. Upon information and belief, Defendant Steps of CA ("Steps of CA") is a company having a place of business at 2155 E. 7th, #125, Los Angeles, California 90023.

12. Upon information and belief, Defendant Uno Textile ("Uno Textile") is a fictitious business name registered with the California Secretary of State and purportedly has a place of business at 1015 E. 14th Street, Los Angeles, California 90021.

13. Upon information and belief, Defendant Concord Ventures ("Concord") is a company having an address at P.O. Box 9117 Saif Zone, Sharjah, United Arab Emirates.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.  Plaintiff's Activities

14. Anthropologie is a leading seller of women's clothing and accessories. The Anthropologie® brand is well known and Anthropologie® brand products are sold throughout the country. In recent years, total sales of Anthropologie's women's apparel and accessories, home furnishings, gifts and decorative items were in excess of $500 million.

15. Anthropologie tailors its merchandise and store environment to sophisticated and contemporary women. Anthropologie sells its women's apparel and other products at over 90 Anthropologie stores in the United States, as well as at the www.Anthropologie.com website and through the Anthropologie catalog. Anthropologie's website accepts orders directly from consumers. Anthropologie mails the Anthropologie catalog directly to consumers who can place orders for direct delivery of Anthropologie's women's apparel and other products. Last year, the circulation for the Anthropologie catalog was approximately 21.8 million.

16. The extraordinary success of Anthropologie's products has engendered wide renown with the trade and the public, and the products sold under the Anthropologie® brand have a reputation for having distinctive designs and being of the highest quality.

17. Anthropologie created or licensed the original artwork, color cards and pattern designs for certain garments—depicted in Exhibits 1 through 9—for sale at its Anthropologie stores. These garments feature copyrighted patterns and were being, or are currently being, sold at Anthropologie retail stores.

18. Anthropologie also created or licensed the original artwork, color cards and copyrighted pattern design for the garment that is depicted in Exhibit 14. The garment, which was marketed under the name "Vizcaya Dress," was or is currently being sold at Anthropologie's stores. The garments depicted in Exhibits 1 through 9 and the Vizcaya Dress, depicted in Exhibit 14, are hereinafter referred to collectively as the "Anthropologie Garments."

19. The Anthropologie Garments contain material wholly original and created by Anthropologie. The Anthropologie Garments constitute copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.

20. U.O.D., Inc. filed with the U.S. Copyright Office applications to register the copyrights in each of the garments depicted in Exhibits 1 through 9. Annexed hereto as Exhibit 10 are copies of the filing receipts for these copyright applications and/or Certificates of Registration for these garments.

21. On August 22, 2007, Urban Outfitters, Inc. executed a confirmatory copyright assignment confirming that all rights, title and interest in, to and under the copyrights in the garments depicted in Exhibits 1 through 9 (including all copyright registrations or applications therefor) are the property of Urban Outfitters, Inc. by operation of the Certificate of Ownership

and Merger. The Certificate of Ownership and Merger was executed between U.O.D., Inc. and Urban Outfitters, Inc. and filed with the Division of Corporations of the State of Delaware. A copy of the Certificate of Ownership and Merger is annexed hereto as Exhibit 11. The Confirmatory Copyright Assignment was filed for recordation with the U.S. Copyright Office on September 5, 2007. A copy of the Confirmatory Copyright Assignment is also annexed hereto as Exhibit 12.

22. On August 29, 2007, Urban Outfitters, Inc. assigned all rights, title and interest in, to and under the copyrights in the garments depicted in Exhibits 1 through 9 (including all copyright registrations or applications therefor) to Anthropologie. The aforementioned copyright assignment was filed for recordation with the U.S. Copyright Office on September 5, 2007. A copy of the copyright assignment assigning the copyrights in the aforementioned garments to Anthropologie is annexed hereto as Exhibit 13.

23. On August 31, 2007, Anthropologie filed with the U.S. Copyright Office its application to register the copyrighted pattern featured on the Vizcaya Dress. Annexed hereto as Exhibit 15 is a copy of the filing receipts for this copyright application and/or the Certificates of Registration for this garment.

24. Anthropologie's women's clothing and products are currently available and sold to consumers throughout this District, this State and the United States.

B. Defendants' Unlawful Activities

25. Upon information and belief, Forever 21 is a retailer of clothing and accessories for women and girls, which it sells directly to consumers.

26. Upon information and belief, Defendant Forever 21 markets, distributes and sells women and men's clothing, shoes and accessories through retail establishments and online on the

website www.forever21.com throughout the United States, Canada, Malaysia, Singapore, Jordan, Kingdom of Bahrain, and the United Arab Emirates.

27. According to Forever 21's website, Forever 21 operates a chain of over 355 retail stores in the United States and purportedly averages 90 new store openings per year. Upon information and belief, Forever 21 operates numerous retail locations in this state and this district, including three large mega stores in Manhattan. Upon information and belief, Forever 21 has a net worth of over $275 million and is ranked as one of the 50 largest privately held companies in Los Angeles. According to a Dun & Bradstreet report, Forever 21's annual sales were $1,056,392,000 for the 12-month period ending in March 2007.

28. Upon information and belief, Do Won Chang and Jin Sook Chang are the owners and co-founders of Forever 21. Upon information and belief, Do Won Chang serves as the Chief Executive Officer of Forever 21 and Jin Sook Chang serves as the Head Buyer of Forever 21. Upon information and belief, in their capacities as the private owners and high ranking officers or officials of Forever 21, the Changs have knowledge of, supervise and/or control the activities and operations of Forever 21 (including the infringing activities complained of herein) and personally benefited from such activities.

29. Upon information and belief, without the permission or authorization of Plaintiff, Forever 21 reproduced and created, and/or directed the reproduction and creation of, derivative works based upon original elements of the copyrightable Anthropologie Garments (collectively, the "Infringing Merchandise") and marketed, promoted, advertised and sold these unlawful and unauthorized reproductions and/or derivative works in its Forever 21 stores and on its website located at www.forever21.com.

30. According to Defendant Forever 21, Defendants One Clothing, Original, Salt & Pepper, Steps of CA, Uno Textile and Concord are "the source" of one or more of the garments comprising the Infringing Merchandise. Annexed hereto as Exhibit 16 is a copy of Defendant Forever 21's Initial Disclosures identifying Defendants One Clothing, Original, Salt & Pepper, Steps of CA, Uno Textile and Concord as the source of the Infringing Merchandise, which was served by Forever 21 in connection with the above-captioned action on January 28, 2008.

31. Upon information and belief, Defendants One Clothing, Original, Salt & Pepper, Steps of CA, Uno Textile and Concord, independently or under the direction of Forever 21, created and reproduced one or more garments comprising the Infringing Merchandise and marketed, promoted, advertised and sold these unlawful and unauthorized reproductions and/or derivative works to Forever 21 and/or other third-party retailers and/or distributors.

32. The Infringing Merchandise features patterns, fabrics and color schemes that are identical or virtually identical to the patterns, fabrics and color schemes featured in the copyrighted Anthropologie Garments. Annexed hereto as Exhibits 17 through 25 are digital photographs of the Infringing Merchandise and pictures showing the Infringing Merchandise side-by-side with the Anthropologie Garments. The Infringing Merchandise infringed Anthropologie's copyrights in the Anthropologie Garments and Defendants used these illegal and unauthorized copies/derivative works to market, advertise and promote their businesses and services. The Infringing Merchandise is currently available and is being sold to consumers throughout this District, this State and the United States.

33. Upon information and belief, Defendants had access to the Anthropologie Garments, intentionally copied or caused to be copied the patterns and color schemes, and used identical, or nearly identical, fabrics for the Infringing Merchandise. Upon information and

belief, Defendants copied or caused to be copied the Anthropologie Garments for the specific purpose of infringing Plaintiff's copyrights in the Anthropologie Garments and selling illegal and unauthorized copies of the Anthropologie Garments for prices that are merely a fraction of the prices charged by Anthropologie. Specifically, the Infringing Merchandise was marketed at retail prices falling within the range of approximately 66% to 83% less than the original price of the Anthropologie Garments.

34. Upon information and belief, Defendants are attempting to pass their products off as Plaintiff's products in a manner calculated to deceive Plaintiff's customers and members of the general public in that Defendants have copied or caused to be copied the Anthropologie Garments in an effort to make Defendants' infringing products confusingly similar to Plaintiff's products and/or pass off Defendants' products as Plaintiff's own products.

35. Upon information and belief, Defendants have engaged in a pattern of deliberate and willful infringement designed to confuse consumers as to the source of their companies' products and trade upon Anthropologie's valuable intellectual property, good will and reputation.

36. As further evidence of Forever 21's deliberate pattern of willful infringement and unfair competition, Forever 21's Vice-President of Merchandise Lisa Boissert has publicly stated that Forever 21 does not employ designers, "just very savvy designer merchants." Attached as Exhibit 26 is a copy of an article entitled "Faster Fashion, Cheaper Chic," that was published in The New York Times on May 10, 2007, containing the quote by Ms. Boissert. Further, Ms. Boissert has publicly admitted that Forever 21 "works with many suppliers and does not always know where their ideas originate." Yet, despite Forever 21's lack of staff designers, The New York Times has reported that while it takes most designers several months to get clothes into stores after their debuts on runways, Forever 21 is able to deliver its designs within six weeks.

37. Moreover, Forever 21's acts of copyright infringement are particularly egregious in light of Forever 21's prior infringements of Anthropologie's copyrighted garments last year.

38. On March 30, 2006, Anthropologie filed a complaint against Forever 21 in the matter captioned <u>Anthropologie, Inc. and U.O.D., Inc. v. Forever 21, Inc.</u> (Civil 06-CV-02510) (WHP), in the United States District Court for the Southern District of New York (the "Lawsuit"). In the Lawsuit, Anthropologie alleged various claims of copyright infringement and federal unfair competition based on the infringement of an Anthropologie garment. However, after the filing of the Complaint, Anthropologie discovered that Forever 21 was marketing and selling several additional garments that were identical or virtually identical to copyrighted Anthropologie garments. Recently, Anthropologie discovered that Forever 21 was selling identical or virtually identical copies of at least eight other Anthropologie garments and initiated the above-captioned action in this United States District Court for the Southern District of New York.

39. The predatory practice of willfully infringing the copyrights of successful designers, clothing stores and brands is certainly not new to Forever 21—nor uniquely targeted at Anthropologie. Indeed, in the past two years, Forever 21 has been named as a defendant in at least thirty-three (33) federal lawsuits involving, *inter alia,* claims of copyright infringement (including two actions brought by Anthropologie within less than two years).

40. Many of these actions (like this one) involve the infringement of multiple designs—indeed, one action initiated by Anna Sui Corp. alleges that Forever 21 has willfully infringed over two dozen designs.

41. Defendants have engaged in a pattern of deliberate and willful infringement designed to misappropriate Plaintiff's Copyrights and intellectual property, confuse consumers