as to the source of their companies' products and trade upon the valuable good will and reputation of Anthropologie's intellectual property.

42.  Upon information and belief, Plaintiff has lost and will continue to lose substantial revenue from the sale of the Anthropologie Garments and other products and will sustain damage as a result of Defendants' wrongful conduct and Defendants' production and sale of the Infringing Merchandise. Defendants' wrongful conduct has also deprived and will continue to deprive Plaintiff of opportunities for expanding its goodwill. Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the Anthropologie Garments and works derived therefrom.

43.  As a direct and proximate result of the acts of Defendants alleged above, Plaintiff has already suffered irreparable damage and lost revenues. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct. Plaintiff will continue to suffer irreparable damage and loss of revenues as a result of damage to Anthropologie's goodwill and reputation and the market for Anthropologie's goods and services until Defendants' actions are enjoined by this Court.

44.  On May 27, 2008, Anthropologie filed its First Amended Complaint adding One Clothing, Original, Salt & Pepper, Steps of CA, Uno Textile and Concord as defendants in the above-captioned action.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)

45.  Plaintiff realleges paragraphs 1 through 44 above and incorporates them by reference as if fully set forth herein.

11

46. The Anthropologie Garments are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Anthropologie is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the Anthropologie Garments.

47. Upon information and belief, as a result of the open use, display and sales of the copyrighted Anthropologie Garments, Defendants had access to the Anthropologie Garments prior to the sale or distribution of Defendants' Infringing Merchandise.

48. Upon information and belief, Defendants, without the permission or authorization of Plaintiff, have continued to reproduce original elements of the copyrighted Anthropologie Garments and to promote and offer for sale the Infringing Merchandise, which incorporates original elements of the Anthropologie Garments.

49. Upon information and belief, Defendants have profited from the sales of the Infringing Merchandise, which is identical or virtually identical to patterns featured on Plaintiff's copyrighted Anthropologie Garments.

50. Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, distribute and otherwise profit from Plaintiff's copyrighted Anthropologie Garments.

51. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and continues to be to deprive Anthropologie of the rights and benefits granted to it under copyright, including the exclusive right to use, reproduce and exploit the Plaintiff's Copyrights and to create derivative works based on the designs, and to deprive Anthropologie of the good will in Plaintiff's Copyrights, and to injure Anthropologie's relations with present and prospective customers.

52. By their actions, as alleged above, Defendants have infringed and violated Anthropologie's exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. § 501, by producing, distributing and selling garments that bear images and color schemes and employ fabrics that are strikingly, or substantially, similar to Anthropologie's copyrighted Anthropologie Garments, all without Anthropologie's authorization or consent.

53. Upon information and belief, Defendants' infringement of Anthropologie's Copyrights is willful and deliberate and Defendants have profited at the expense of Anthropologie.

54. Defendants' conduct has caused and will continue to cause irreparable injury to Anthropologie unless enjoined by this Court. Anthropologie has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

55. Plaintiff realleges paragraphs 1 through 54 above and incorporates them by reference as if fully set forth herein.

56. The Infringing Merchandise promoted, marketed, distributed and/or sold by Defendants uses copies, variations, simulations or colorable imitations of Plaintiff's Anthropologie Garments and constitutes false designations of origin, false descriptions and representations of goods sold by Defendants and false representations that Defendants' goods are sponsored, endorsed, licensed or authorized by, or affiliated or connected with Plaintiff.

57. Upon information and belief, Defendants have knowingly adopted and used copies, variations, simulations or colorable imitations of Plaintiff's Anthropologie Garments with full knowledge of Plaintiff's copyrights in the Anthropologie Garments.

58. Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

60. Plaintiff realleges paragraphs 1 through 59 above and incorporates them by reference as if fully set forth herein.

61. Upon information and belief, Defendants were aware of Plaintiff's prior sale of the Anthropologie Garments and adopted and used the Infringing Merchandise in disregard of Plaintiff's prior intellectual property rights. Upon information and belief, the promotion, marketing, distribution and/or sale by Defendants of the Infringing Merchandise has resulted in the misappropriation of and trading upon Plaintiff's good will and business reputation at Plaintiff's expense and at no expense to Defendants. The effect of Defendants' misappropriation of the Plaintiff's goodwill symbolized by the Anthropologie Garments is to unjustly enrich Defendants, damage Plaintiff and confuse and/or deceive the public.

62. Defendants' conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

63. Plaintiff realleges paragraphs 1 through 62 above and incorporates them by reference as if fully set forth herein.

64. By reason of the acts and practices set forth above, Defendants have and are engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or

14

furnishing of goods and/or services, in violation of § 349 of the New York General Business Law.

65.  The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendants.

66.  Unless enjoined by the Court, Defendants will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Plaintiff. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

1.  Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from:

(a) manufacturing, selling, distributing, advertising, promoting or authorizing any third party to manufacture, sell, distribute, advertise or promote the Infringing Merchandise or any other item that infringes Plaintiff's rights;

(b) directly or indirectly infringing the Plaintiff's Copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Anthropologie Garments or the Plaintiff's Copyrights or to participate or assist in any such activity;

(c) continuing to market, offer, sell, dispose of, license, transfer, exploit, advertise, promote, reproduce, develop, manufacture, import, or contribute to or actively participate in the marketing, offering, sale, disposition, licensing, transferring, exploiting, advertising, promotion, reproduction,

15

development, manufacture or importation of any products that bear, contain or incorporate any unauthorized copy or reproduction of the copyrighted Anthropologie Garments or any design substantially similar thereto or derived therefrom;

(d) selling, using or authorizing any third party to sell or use any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Anthropologie Garments in any manner or form, or the marketing, advertising or promotion of same;

(e) imitating, copying or making any unauthorized use of Plaintiff's Anthropologie Garments or any copy, simulation, variation or imitation thereof;

(f) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff;

(g) using or authorizing any third party to use in connection with the rendering, offering, advertising, promotion or importing of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with Plaintiff or tend to do so;

(h) diluting the distinctive quality of Plaintiff's Anthropologie Garments;

(i) registering or applying to register as a copyright, trademark, service mark, trade name or other source identifier or symbol of origin any copyright,

16

mark, trade dress or name that infringes on or is likely to be confused with Plaintiff's Copyrights or marks;

(j) engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's rights;

(k) aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (j).

2. Requiring Defendants to formally abandon with prejudice any and all applications to register any copyrights consisting of, or containing, any aspect of the Infringing Merchandise either alone or in combination with other words and/or designs.

3. Requiring Defendants to formally abandon with prejudice any and all applications to register any trademark or service mark consisting of any aspect of the Infringing Merchandise either alone or in combination with other words and/or designs.

4. Requiring Defendants to recall immediately the Infringing Merchandise and any and all advertisements therefor, from any and all distributors, retail establishments or wholesale establishments wherever located in the U.S., and to direct all such distributors, retail establishments or wholesale establishments to cease forthwith the distribution or sale of the Infringing Merchandise, and to immediately remove the Infringing Merchandise from public access.

5. Directing that Defendants abandon their current practice of infringing, misappropriating, and/or copying the patterns of any Anthropologie garments, and/or any original elements thereof, in connection with the Forever 21 stores and/or any other businesses or stores owned or operated by any of the Defendants.

6. Directing that Defendants deliver for destruction all products and goods, advertisements for such, and other related materials in their possession, or under their control, incorporating or bearing simulations, variations or colorable imitations of Plaintiff's Anthropologie Garments, used alone or in combination with other words and/or designs.

7. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants is authorized by Plaintiff or related in any way to Plaintiff's products.

8. Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

9. Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendants' copyright infringement, unfair competition, and unfair trade practices.

10. Awarding Plaintiff all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1117, awarding Plaintiff an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

11. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000 for each infringement.

12. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement.

13.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 and 15 U.S.C. § 1117.

14.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: New York, N.Y.
July 2, 2008

Respectfully submitted,

DUANE MORRIS LLP

By: _____
Gregory P. Gulia
Vanessa Hew
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Plaintiff Anthropologie, Inc.

DM1\1354978.1