Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Hewson Chen (HC 1608)
Powley & Gibson, P.C.
304 Hudson Street, 2ⁿᵈ Fl.
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Defendants
Forever 21, Inc., Do Won Chang,
Jin Sook Chang, One Clothing, Inc.,
Original Inc., Salt & Pepper, Steps of CA
and Uno Textile

UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| ANTHROPOLOGIE, INC., | : | |
| | : | Civil Action No |
| Plaintiff, | : | 07-CV-7873 (RJS)(MHD) |
| | : | |
| -v- | : | |
| | : | |
| | : | |
| FOREVER 21, INC.,  DO WON CHANG, | : | |
| JIN SOOK CHANG, ONE CLOTHING, INC., | : | ECF |
| ORIGINAL INC., SALT & PEPPER, | : | |
| STEPS OF CA, UNO TEXTILE, and | : | |
| CONCORD VENTURE | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------x

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Forever 21, Inc., Do Won Chang, Jin Sook Chang, One Clothing, Inc.,

Original Inc., Salt & Pepper, Steps of CA and Uno Textile, (hereinafter collectively,

"Defendants"), by and through their attorneys, Powley & Gibson, P.C., hereby answer the

Second Amended Complaint of Plaintiff Anthropologie, Inc. ("Plaintiff") as follows:

1.      Defendants admit that this action alleges copyright infringement, statutory unfair competition and common law unfair competition and deceptive trade practices under the laws of the State of New York.  Defendants further admit that Plaintiff purports to seek injunctive relief and damages.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff brings this action based upon Defendants' unauthorized past and current sales of various garments. Defendants deny the remaining allegations contained in paragraph 1.

2.      Answering paragraph 2, Defendants respond that this paragraph contains legal conclusions to which no pleading response is required.  To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338 and 15 U.S.C. §1121 to the extent that Plaintiff's Second Amended Complaint is based upon claims arising under the copyright and trademark laws of the United States and that such claims are properly pled.  Defendants deny that they collectively conduct business in and/or have substantial contacts with and/or may be found in the Southern District of New York, and further deny that a substantial portion of the events at issue have arisen and/or will arise in this judicial district.  Defendants Do Won Chang, Jin Sook Chang, Original Inc., Salt & Pepper, Steps of CA and Uno Textile further deny that this Court has personal jurisdiction over them.

3.      Defendants Forever 21, Inc. and One Clothing admit that they transact business in the State of New York.  Defendants deny the remaining allegations contained in paragraph 3.

4.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, deny the same.

5.    Defendant Forever 21, Inc. admits the allegations contained in paragraph 5.

6.    Defendant Do Won Chang admits that he is a founder, owner and Chief Executive Officer of Forever 21, Inc. Defendant Do Won Chang denies the remaining allegations contained in paragraph 6.

7.    Defendant Jin Sook Chang admits that she is a founder, owner and Head Buyer of Forever 21, Inc. Defendant Jin Sook Chang denies the remaining allegations contained in paragraph 7.

8.    Defendant One Clothing, Inc. admits the allegations contained in paragraph 8.

9.    Defendant Original, Inc. denies that it has a place of business at 1015 S. Crocker Street, #Q23, Los Angeles, California, 90021.

10.    Defendant Salt & Pepper admits the allegations contained in paragraph 10.

11.    Defendant Steps of CA admits the allegations contained in paragraph 11.

12.    Defendant Uno Textile admits that it is located in California and that it has a place of business located at the address listed in paragraph 12. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 12, and, therefore, deny the same.

13.    Defendant Forever 21, Inc. admits that the address listed within paragraph 13 is an address provided to Forever 21 by Defendant Concord Ventures.

3

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, therefore, deny the same.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, deny the same.

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, deny the same.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, therefore, deny the same.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, deny the same.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, therefore, deny the same.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, deny the same.

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, deny the same.

22.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and, therefore, deny the same.

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, deny the same.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, therefore, deny the same.

25.    Defendant Forever 21, Inc. admits the allegations contained in paragraph 25.

26.    Defendants admit that Forever 21 markets, distributes and sells clothing, shoes and accessories through retail establishments in the United States, Canada, Malaysia, Singapore, Jordan, the Kingdom of Bahrain and the United Arab Emirates. Defendants further admit that Forever 21 markets, distributes and sells clothing, shoes and accessories online through the web site at www.forever21.com. Defendants deny the remaining allegations contained in paragraph 26.

27.    Defendant Forever 21, Inc. admits that its website states that Forever 21 operates over 355 locations nationwide and that Forever 21 averages 90 new store openings per year. Defendant Forever 21, Inc. further admits that its website states that, since 2002, Forever 21, Inc. has been ranked as one of the 50 largest privately held companies in Los Angeles. Defendant Forever 21, Inc. admits that it operates retail locations in the State of New York. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 and, therefore, deny the same.

28.    Defendants admit that Do Won Chang and Jin Sook Chang are the owners and co-founders of Forever 21. Defendants admit that Do Won Chang serves as the Chief Executive Officer of Forever 21 and Jin Sook Chang serves as the Head Buyer of Forever 21. Defendants deny the remaining allegations contained in paragraph 28.

29.    Defendants deny the allegations contained in paragraph 29.

30.    Defendants admit that Forever 21, Inc. served Initial Disclosures which identify Defendants One Clothing, Original Inc., Salt & Pepper, Steps of CA, Uno Textile

and Concord Venture as the parties from which Forever 21, Inc. obtained one or more of the garments which are identified by Plaintiff in its Second Amended Complaint. Defendants deny the remaining allegations contained in paragraph 30.

31.     Defendants admit that One Clothing, Original, Salt & Pepper, Steps of CA and Uno Textile supplied to Forever 21 one or more of the garments identified by Plaintiff in its Second Amended Complaint. Defendants deny the remaining allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32.

33.     Defendants deny the allegations contained in the first two sentences of paragraph 33 and lack sufficient knowledge or information sufficient to form a belief as the allegations contained in the last sentence of paragraph 33 and therefore deny same.

34.     Defendants deny the allegations contained in paragraph 34.

35.     Defendants deny the allegations contained in paragraph 35.

36.     Defendants admit that the article titled "Faster Fashion, Cheaper Chic" was published in The New York Times on May 10, 2007. Defendants deny the remaining allegations contained in paragraph 36.

37.     Defendants deny the allegations contained in paragraph 37.

38.     Defendants admit that, on or about March 30, 2006, Anthropologie filed a complaint against Forever 21 in the matter captioned Anthropologie, Inc. and U.O.D., Inc. v. Forever 21, Inc. (Civil 06-CV-02510)(WHP) in the United States District Court for the Southern District of New York. Defendants further admit that Plaintiff alleged various claims of copyright infringement and federal unfair competition based upon the alleged infringement of an Anthropologie garment. Defendants lack information

6

sufficient to form a belief as to the truth of the remaining allegations contained in the paragraph 38 and, therefore, deny the same.

39.      Defendants admit that Anthropologie has brought two actions against Forever 21 within the past two years.  Defendant Forever 21, Inc. admits that, in the past two years, it has been named as a defendant in other federal lawsuits involving claims of copyright infringement among other things.  Defendants deny the remaining allegations contained in paragraph 39.

40.      Defendant Forever 21, Inc. admits that it was named as a defendant in an action brought by Anna Sui Corp.  Defendants deny the remaining allegations contained in paragraph 40.

41.      Defendants deny the allegations contained in paragraph 41.

42.      Defendants deny the allegations contained in paragraph 42.

43.      Defendants deny the allegations contained in paragraph 43.

44.      Defendants admit the allegations contained in paragraph 44.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)**

45.      Defendants reallege and incorporate by reference the responses contained in paragraphs 1 through 44 as if fully set forth below.

46.      Defendants deny the allegations contained in paragraph 46.

47.      Defendants deny the allegations contained in paragraph 47.

48.      Defendants deny the allegations contained in paragraph 48.

49.      Defendants deny the allegations contained in paragraph 49.

50.      Defendants deny the allegations contained in paragraph 50.

51.      Defendants deny the allegations contained in paragraph 51.

52.     Defendants deny the allegations contained in paragraph 52.

53.     Defendants deny the allegations contained in paragraph 53.

54.     Defendants deny the allegations contained in paragraph 54.

**SECOND CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125 (a))**

55.     Defendants reallege and incorporate by reference the responses contained
in paragraphs 1 through 54 as if fully set forth below.

56.     Defendants deny the allegations contained in paragraph 56.

57.     Defendants deny the allegations contained in paragraph 57.

58.     Defendants deny the allegations contained in paragraph 58.

59.     Defendants deny the allegations contained in paragraph 59.

**THIRD CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION**

60.     Defendants reallege and incorporate by reference the responses contained
in paragraphs 1 through 59 as if fully set forth below.

61.     Defendants deny the allegations contained in paragraph 61.

62.     Defendants deny the allegations contained in paragraph 62.

## FOURTH CLAIM FOR RELIEF
## DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

63.     Defendants reallege and incorporate by reference the responses contained in paragraphs 1 through 62 as if fully set forth below.

64.     Defendants deny the allegations contained in paragraph 64.

65.     Defendants deny the allegations contained in paragraph 65.

66.     Defendants deny the allegations contained in paragraph 66.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

67.     This Court lacks personal jurisdiction over Defendants Do Won Chang, Jin Sook Chang, Original Inc., Salt & Pepper, Steps of CA and Uno Textile.

## SECOND AFFIRMATIVE DEFENSE

68.     Defendants have not infringed any valid copyrights of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

69.     Plaintiff's Second Amended Complaint, and each and every cause of action therein, is barred, either in whole or in part, because the copyrights asserted are invalid, void and/or unenforceable.

## FOURTH AFFIRMATIVE DEFENSE

70.    Defendants did not manufacture or otherwise produce one or more of the designs at issue.

## FIFTH AFFIRMATIVE DEFENSE

71.    Defendants had no prior knowledge of any of the copyrights purportedly owned by Plaintiff and any infringement of such copyrights by Defendants was inadvertent and otherwise non-willful.

## SIXTH AFFIRMATIVE DEFENSE

72.    The Anthropologie Garments are not inherently distinctive.

## SEVENTH AFFIRMATIVE DEFENSE

73.    The Anthropologie Garments do not have any acquired distinctiveness.

## EIGHTH AFFIRMATIVE DEFENSE

74.    Plaintiff's Second Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## NINTH AFFIRMATIVE DEFENSE

75.    Plaintiff has no valid copyrights.

## TENTH AFFIRMATIVE DEFENSE

76.    Defendants have not infringed any copyrightable expression of Plaintiff.

10

## ELEVENTH AFFIRMATIVE DEFENSE

77.    Plaintiff's state law claims are pre-empted by 17 U.S.C. § 301 and are inconsistent with the First Amendment to the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

78.    Plaintiff has not suffered any compensable damages because Defendants' purported actions have not and are not likely to cause consumer confusion.

## THIRTEENTH AFFIRMATIVE DEFENSE

79.    Plaintiff has not suffered any damages because Defendants' purported actions have not deprived Plaintiff of any profits.

## FOURTEENTH AFFIRMATIVE DEFENSE

80.    To the extent Plaintiff has suffered damages, any such damages were caused by superceding causes, and not by any act or omission by Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

81.    Plaintiff has failed to mitigate its alleged damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

82.    Plaintiff's damages are barred, in whole or in part, because they are too remote and speculative.

## SEVENTEENTH AFFIRMATIVE DEFENSE

83.    Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

84.    Plaintiff's claims are barred, in whole or in part, by the principles of consent, acquiescence, ratification, and/or legal justification.

## NINTEENTH AFFIRMATIVE DEFENSE

85.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

86.    Plaintiff's claims are barred by the doctrine of unclean hands.

**WHEREFORE**, Defendants pray for the following relief:

A.    Dismissal of the Second Amended Complaint in its entirety with prejudice;

B.    An award to Defendants of their costs in this action including reasonable attorneys' fees; and

C.    Such other and further relief as the Court may deem just and proper.

Dated: July 31, 2008     Respectfully submitted,
   New York, New York

             POWLEY & GIBSON, P.C.


             By: _____/hc/_____
              Hewson Chen (hc1608)
             304 Hudson St., 2nd Fl.
             New York, New York  10013
             Telephone:  (212) 226-5054
             Facsimile:  (212) 226-5085
             E-Mail:      hchen@powleygibson.com

             Attorneys for Defendants Forever 21, Inc.
             Do Won Chang, Jin Sook Chang,
             One Clothing, Inc., Original Inc.,
             Salt & Pepper, Steps of CA
             and Uno Textile

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing **ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** was served upon counsel for Plaintiff this 31st day of July, 2008, by ECF and First Class mail, postage prepaid, addressed as follows:

Gregory P. Gulia, Esq.<br>
Duane Morris, LLP<br>
1540 Broadway<br>
New York, New York  10036

Irma B. Crespo