UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ANTHROPOLOGIE, INC.,

                  Plaintiff,

-v-

FOREVER 21, INC., *et al.*,

                  Defendants.

No. 07 Civ. 7873 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

By joint letter dated August 1, 2008, the parties presented arguments concerning their dispute as to the need for jurisdictional discovery prior to the submission of the vendor defendants' anticipated motion to dismiss on personal jurisdiction grounds. For the following reasons, the Court denies plaintiff's request to conduct jurisdictional discovery.

The plaintiff "has the ultimate burden of establishing jurisdiction over defendant by a preponderance of the evidence." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364-65 (2d Cir. 1986) (citation omitted). However, "[b]efore discovery has occurred, a plaintiff who is responding to a personal jurisdiction challenge need only make a prima facie showing of such jurisdiction." *Taberna Capital Management, LLC v. Dunmore*, No. 08 Civ. 1817 (JSR), 2008 WL 2139135, at *2 (S.D.N.Y. May 20, 2008); *see PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) ("A plaintiff facing a Fed. R. Civ. P. 12(b)(2) motion to dismiss made before any discovery need only allege facts constituting a prima facie showing of personal jurisdiction.").

In the August 1, 2008 letter, plaintiff asserts that its "jurisdictional allegations [in the amended complaint] are well-plead and *clearly satisfy* [plaintiff's] burden of establishing a prima

facie case of jurisdiction over the Vendor Defendants . . . ." (Aug. 1, 2008 Ltr. at 5 (emphasis added).) Moreover, the Court notes that it previously directed plaintiff to notify the Court of its intention to file a third amended complaint adding jurisdictional allegations against the vendor defendants. (*See* July 21, 2008 Order.) In response, plaintiff has unambiguously conveyed its belief that the jurisdictional allegations set forth in the second amended complaint are sufficient. Therefore, given plaintiff's strong belief that, even absent discovery, it is able to make a prima facie showing of jurisdiction, the Court declines, at this time, to compel the parties to take on the burden and costs associated with jurisdictional discovery.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's request to conduct jurisdictional discovery is DENIED.

IT IS FURTHER ORDERED that the parties shall abide by the following briefing schedule regarding the vendor defendants' proposed motion to dismiss:

> By September 17, 2008, the vendor defendants shall file and serve their motion.
> By October 20, 2008, plaintiff shall submit its opposition.
> By November 4, 2008, the vendor defendants shall submit their reply, if any.

Thereafter, the Court will schedule oral argument or further proceedings regarding the vendor defendants' motion, if necessary.

SO ORDERED.

Dated:   New York, New York
         August 20, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE