UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANTHROPOLOGIE, INC.,

            Plaintiff,             MEMORANDUM & ORDER

            -against-             07 Civ. 7873 (RJS)(MHD)

FOREVER 21, INC., DO WON CHANG,
JIN SOOK CHANG, ONE CLOTHING,
INC., ORIGINAL INC., SALT &
PEPPER, STEPS OF CA, UNO TEXTILE,
and CONCORD VENTURE,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

       Plaintiff Anthropologie, Inc. commenced this lawsuit against

retailer Forever 21 and others, alleging that defendants had

manufactured, purchased, distributed, and sold garments that

infringed plaintiff's copyrights in a variety of patterns and that

in doing so they had also engaged in unfair competition. At the

tail-end of discovery, the parties have filed a series of motions

directed at their respective adversaries' performance in discovery.

In this decision we address a motion by plaintiff for sanctions --

including entry of default judgments and monetary awards -- against

the defendants for a potpourri of misconduct, mostly involving

deceptive conduct both in discovery and in making representations

about the cessation of allegedly infringing activities by Forever

21.

For the reasons that follow, we grant the motion in part and deny it in part.

## The Motion

Plaintiff recites a series of alleged misdeeds by Forever 21 and its principals that Anthropologie claims have irremediably damaged its ability to conduct meaningful discovery and that demonstrate bad faith by defendants. These include (1) the surreptitious redaction by Forever 21 of purchase orders for the purpose of concealing the role of defendant Jin Sook Chang in the purchase of the infringing garments, (2) the filing by Forever 21 of a dishonest and frivolous motion for a protective order to preclude the taking of Ms. Chang's deposition, a motion premised on concealing her role in the purchases, (3) defendants' delay in producing relevant documents and their failure until recently to make a complete production, (4) a false representation by the general counsel of Forever 21 that the company had stopped selling the allegedly infringing garments as of October 9, 2007, and (5) the improper redaction of other documents on the basis of a suspect assertion of irrelevance.

Defendants contest the motion, insisting that they have done nothing wrong. They further assert that in any event they turned

2

over all relevant documents before plaintiff's scheduled depositions of defendants' witnesses -- in short, soon enough to avoid prejudice to plaintiff.

## Analysis

Plaintiff premises its sanctions requests on the terms of Rule 37, which authorizes a broad range of measures to address failures of a party to comply with court orders directing such disclosures. See, e.g., Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2003). Moreover, although Rule 37(b) outlines a non-exclusive range of measures available to the court for the failure of a party to comply with an order, even in the absence of an order the court may impose sanctions for discovery misconduct as an assertion of its inherent powers. See, e.g., id.; Lucky Brand Dungarees, Inc. v. Ally Apparel Res., Inc., 2009 WL 72982, at *7 (S.D.N.Y. Jan. 8, 2009); Metrokane, Inc. v. Built NY, Inc., 2008 WL 4185865, at *3 (S.D.N.Y. Sept. 3, 2008).

We assess the grounds for imposition of sanctions pressed by plaintiff more or less in the order presented. We conclude that some relief is warranted, but that default judgments or other dispositive relief cannot be justified.

3

1. The Redacted Purchase Documents

The most striking accusation by plaintiff concerns the production by Forever 21 of certain transaction-specific documents relating to the purchase of the allegedly infringing garments. At the end of August 2008, defendant produced a set of purchase orders for the garments in question. Those standard forms only listed a buyer for Forever 21 for one of the garments, and there was no indication on any the forms that they had been redacted to conceal any information. (Decl. of Vanessa Hew, Esq., executed Jan. 9, 2009 ¶¶ 8-9 & Ex. A). Then on December 15, 2008, defendants made a supplemental production that included purchase orders for the same set of garments, with one significant difference -- the versions belatedly produced identified Ms. Chang as the buyer for all of the garments. (Id. ¶ 10 & Ex. E). Plaintiff contends that the documents provided on August 29 were deliberately altered to conceal (1) Ms. Chang's direct role in purchasing, and (2) the very fact that the purchase orders had been redacted.

Defendants deny that the purchase orders provided in August were deliberately redacted, and they offer what they describe as an innocent explanation for the sequence of events culminating in the handover of a second version of the documents. According to a declaration by Ann Cadier-Kim, an employee of Forever 21, the

4

original purchase orders contained an identifying notation of the buyer, and some included the name of Ms. Chang, who was the "head buyer" and corporate Secretary, even though she was not directly involved in the transaction. (Decl. of Ann Cadier-Kim, executed Jan. 14, 2009 ("Kim Decl.") ¶ 2). Instead, Ms. Kim says, the people directly involved were members of the so-called "buying and purchase order teams." (Id.). Ms. Kim goes on to say that this "historical inaccuracy" was corrected at some point, apparently in the defendant's computer software, and that accordingly when the purchase orders in question were printed out for production, presumably in August 2008, they did not contain the entry for naming a buyer or Ms. Chang's name. (Id. ¶ 3). Ultimately, however, Forever 21 did a further search in December 2008 and unearthed the original purchase orders, which did contain the buyer identification of Ms. Chang, and duly produced them to plaintiff. (Id. ¶ 4).

This explanation is less than compelling. First, it is hard to credit the notion that Forever 21, which defendants describe as not maintaining a very sophisticated computer system, would invest manpower in going back into the system to alter purchase orders and other transactional documents pertaining to past transactions for no purpose other than to delete Ms. Chang's name simply for the sake of "accuracy." Second, if the company had bothered to do so,

5

it is entirely unclear why it would not then have inserted the names of those buyers who actually did conduct the transactions, and, more significantly, why all but one of the documents produced in August did not contain any reference to a buyer and even lacked the "buyer" heading found on the original purchase orders. Third, the proffer by Forever 21 about this alleged computerized adjustment comes from Ms. Kim, who, based on her deposition testimony, is not competent to testify about these events, since she professed to have no knowledge about the information systems at the company or record-keeping, accounting, or other related company policies except for payment of bills to suppliers. (Reply Decl. of Vanessa Hew, Esq., executed Jan. 19, 2009 ("Hew Reply Decl.") ¶¶ 6-7 & Ex. C). Fourth, the testimony of another Forever 21 witness, Ms. Heather Choi, directly undercuts defendants' contention, made through Ms. Kim's declaration, that Ms. Chang was not involved in "purchasing decisions." (Kim Decl. ¶ 2). In striking contrast, Ms. Choi testified that Ms. Chang not only was the head of the Buying Department, but was directly involved in purchasing decisions since she "decide[s] whether a certain design can be bought or not bought." (Hew Reply Decl. ¶ 8 & Ex. D).

Under the circumstances, we are well satisfied that defendants deliberately redacted the purchase order documents to conceal Ms. Chang's role in the purchasing decisions. That said, there remains

6

the question of what measures are appropriate to deal with this. Plaintiff seeks dispositive relief in the form of a default judgment. We disagree.

The determination of the sanction should be a product of the court's assessment of the degree of fault of the party against whom sanctions are sought and the extent of the prejudice to the moving party. See, e.g., Reilly v. Natwest Mkts. Group Inc., 181 F.3d 253, 267-68 (2d Cir. 1999); Treppel v. Biovail Corp., 249 F.R.D. 111, 123-24 (S.D.N.Y. 2008); Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). Since preclusive sanctions are "a harsh remedy," LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001), the court should invoke them "only in extreme situations," id. (quoting Thielman v. Rutland Hosp., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)), and not ordinarily unless non-compliance is a result of "willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight." Handwerker v. AT&T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002); see also Reilly, 181 F.3d at 271 (finding that preclusive sanctions may be imposed for gross negligence).

In this case, for reasons noted, we believe that the most likely explanation for the peculiar sequence of production of redacted and then unredacted purchases orders involved more than

7

simple negligence. In mitigation, however, it is also undisputed that defendants undertook to correct the deletion of Ms. Chang's name and implicit role in the purchase of the allegedly infringing garments and did so prior to the depositions of the defendants' witnesses. (See Decl. of Hewson Chen, Esq., executed Jan. 15, 2009 ("Chen Decl.") ¶ 8). Moreover, in view of the delay in obtaining Ms. Chang's deposition, plaintiff's counsel will have had an ample opportunity to prepare to question her with the pertinent documents in hand. Hence the prejudice to plaintiff from this imbroglio is minimal, except for the expense of litigating to obtain fuller disclosure of documents, a task undertaken in plaintiff's separate motion to compel, which we have already granted with a further proviso that plaintiff may recover its motion expenses. (March 12, 2009 Mem. & Order 14).

In this regard, we also emphasize, in mitigation of prejudice, that plaintiff may offer competent evidence at trial concerning the sequence of events that involved the redaction of purchase orders and their later production in unredacted form, if plaintiff's counsel deems that desirable, as a means of impeaching the credibility of defendants' witnesses, including Ms. Chang. Furthermore, when deposing Ms. Chang, plaintiff will be free to question her about the circumstances that led to the deletion of her name from the purchase orders.

8

## 2. The Protective-Order Motion

On a related topic, plaintiff complains about defendants' pursuit of a Rule 26(c) protective order to bar the deposition of Ms. Chang and her co-defendant Do Won Chang. The point seems to be that defendants' concealment of Ms. Chang's role in purchasing infringing garments dovetailed with what appears to have been a bad-faith argument on the Rule 26(c) motion that Ms. Chang had no direct involvement in the transactions at issue in the lawsuit and should therefore be excused from testifying in this case.

We have already denied defendants' protective-order motion in a separate order. (March 10, 2009 Mem. & Order 3-4). Although plaintiff did not seek an award of motion expenses in its opposition papers, it does so now. Given the fact that defendants' motion was, for reasons previously described, not "substantially justified" (see id. at 2-3), plaintiff's request for an award of motion expenses is eminently justified. See Fed. R. Civ. P. 26(c)(3) & 37(a)(5). Plaintiff may serve and file an appropriate application within two weeks.

Finally, insofar as plaintiff seeks, in the current motion, to compel Mr. and Ms. Chang to travel from California to New York for

9

their depositions, we fail to see the justification for such an order. Even if defendants had timely disclosed the role of Ms. Chang and not sought to preclude their depositions, there is no doubt that those depositions would have been conducted in California, where the Changs and their business are located. Their unsuccessful, and possibly dishonest, resistance to those depositions does not logically lead to the conclusion that the locus for the depositions sessions should be moved across the continent. Similarly, plaintiff's alternative request, that it be granted the expenses of those depositions, including attorney's fees, is unjustified. If the Changs had not resisted being deposed, plaintiff would have borne the expense of deposing them, and there is no reason to alter that allocation of burdens now.

## 3. Defendants' Non-Production of Requested Documents

In the course of plaintiff's current motion, it alludes to the failure of defendants to make complete or timely production of various categories of documents. This complaint was the topic of still another separate motion, this one to compel discovery, which we have just adjudicated largely in plaintiff's favor. (March 12, 2009 Mem. & Order 11-14). Moreover, in our order we have authorized an application by plaintiff for an award of motion expenses. (Id. at 14). Plaintiff's reiteration of that set of controversies in the

10

broader context of this motion does not justify any additional relief on that score.

## 4. False Representation that Infringing Sales Stopped

Plaintiff recites that at some unspecified time Mr. Young Kwon, identified as the General Counsel for Forever 21, made a representation in an e-mail and by telephone to plaintiff's attorney that the company had stopped selling the allegedly infringing items by October 9, 2007. (Hew Decl. ¶ 24).¹ According to plaintiff, it discovered that this representation was false when it belatedly received some sales documents from Forever 21 on December 17, 2008. (Id. ¶ 24 & Ex. H). It claims prejudice because, it says, a timely production (or an accurate representation by Mr. Kwon) would have led it to seek a temporary restraining order and preliminary injunction. (Pl.'s Mem. 8-9).

Defendants do not dispute the account of Mr. Kwon's statement or the fact that some of the garments were sold after October 9, 2007, but suggest that the misstatements were innocent and that

---

¹ Plaintiff has not proffered the e-mail, assertedly because it was part of settlement discussions. (See id.). This sensitivity appears misplaced, if for no other reason, because plaintiff is implicitly asserting that the representation in the e-mail is a proper subject for litigation. In any event, its use for appropriate purposes is not barred by Federal Rule of Evidence 408. See Fed. R. Evid. 408(b).

11

plaintiff has not been prejudiced. Thus, defendants states, or at least implies, that Forever 21 arranged to halt all sales by October 9, 2007, and that Mr. Kwon had no reason to believe otherwise when he made the statements. (Defs.' Mem. 9-10). It also notes that the sales records made available to plaintiff reflect the sale of only thirty-six items, with sales of only approximately \$260.00, and imply that this simply reflects one or more errors in carrying out a company recall of these garments. (Chen Decl. ¶ 10 & Ex. C).

Defendants' explanation of the apparent anomaly is not facially implausible, especially in view of the small number of garments involved. Furthermore, we see no basis for the plaintiff's contention that if it had known of these sales on a timely basis it would have sought and obtained emergency injunctive relief. The amount involved is clearly de minimus and, if disclosed, would in all likelihood simply have led to an agreement to tighten the procedures for ensuring against future slip-ups of this nature. In any event, plaintiff will be free to use the general counsel's representation and the evidence of later sales at trial, if it so chooses, to impeach the credibility of the defendants' witnesses, and, if appropriate, to evidence defendants' willfulness, although we strongly question the probative value of such evidence if the only later sales are the ones reflected in the sales records

12

proffered to the court.[2]

No further relief is warranted on this score.

5. Other Redacted Documents

Finally, plaintiff complains that on December 15, 2008, on the eve of depositions, defendants produced in redacted form a set of twenty-five documents, and when questioned about the basis for the redactions, admitted that the deletions were not for privileged materials but rather were done because the redacted portions were not relevant to the case. (Pl.'s Mem. 9-10). Plaintiff further notes that the redactions occur in the midst of a string of e-mail exchanges between Ms. Monica Rao, a Forever 21 employee, and a vendor, defendant Concord Ventures, which supplied one of the infringing garments, known as the Open Work Blue Dress. (Id.; Hew Decl. ¶¶ 21-23 & Ex. G; Hew Reply Decl. ¶ 11 & Ex. F).

Defendants assert that the deletions were permissible to eliminate irrelevant material, and they further observe that they have offered plaintiff the opportunity to review the unredacted documents at their attorney's office. (Chen Decl. ¶ 11 & Ex. D). It

_____

[2] We note that defendants have been required to make an additional production of sales documents, and hence the numbers in question may change before trial.

13

appears, however, that they have refused to allow plaintiff's counsel to copy them. (Hew Reply Decl. ¶ 14).

The short answer to this issue is that defendants are required to produce the non-privileged documents in unredacted form. This is to be done within seven days.

## CONCLUSION

For the reasons noted, plaintiff's motion for sanctions is granted to the following extent:

1. Plaintiff may question Ms. Chang at her deposition concerning the events surrounding the deletion of her name from the purchase orders, and may use admissible evidence at trial concerning these events for impeachment purposes.

2. Plaintiff may apply, within two weeks, for an award of motion expenses engendered by defendants' unsuccessful application for a protective order precluding the depositions of Mr. and Ms. Chang.

3. Plaintiff may offer at trial competent evidence of the representations by Mr. Kwon regarding the cessation of allegedly

14

infringing sales and the falsity of those representations either for impeachment purposes, and also to demonstrate willfulness, if the trial court deems that evidence admissible for the latter purpose.

4. Defendants are to produce to plaintiff in unredacted form the redacted documents previously provided to plaintiff on December 15, 2008. This production is to be done within seven days.

The parties are to bear their own expenses of this motion.

Dated: New York, New York
       March 13, 2009

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum and Order have been mailed today to:

Gregory P. Gulia, Esq.
Vanessa C. Hew, Esq.
Duane Morris LLP
1540 Broadway
New York, New York 10036-4086

Robert L. Powley, Esq.
David J. Lorenz, Esq.
Hewson Chen, Esq.
James Martin Gibson, Esq.
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, NY 10013