```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ANTHROPOLOGIE, INC.,
                                    :
            Plaintiff,                    MEMORANDUM & ORDER
                                    :
         -against-                        07 Civ. 7873 (RJS)(MHD)
                                    :
FOREVER 21, INC., DO WON CHANG,
JIN SOOK CHANG, ONE CLOTHING,       :
INC., ORIGINAL INC., SALT &
PEPPER, STEPS OF CA, UNO TEXTILE,   :
and CONCORD VENTURE,
                                    :
            Defendants.
------------------------------------x
```



MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

We are confronted by two separate applications by plaintiff for awards of fees and other motion expenses in connection with two recent discovery motions, one filed by defendants and the other by plaintiff. We now address those two applications.

Prior Proceedings

By Memorandum and Order dated March 10, 2009, we denied a motion by defendants for a protective order precluding plaintiff from conducting the depositions of defendants Do Won Chang and Jin Sook Chang. In a subsequent Memorandum and Order dated March 13, 2009 we authorized an award of motion expenses engendered by defendants' unsuccessful application.

1

Additionally, by Memorandum and Order dated March 12, 2009, we granted in large measure a motion by plaintiff to compel further production of documents. In addition we authorized an award of motion expenses to plaintiff for this application.

Plaintiff subsequently filed an application for an award of fees and expenses totaling $55,408.80 in connection with defendants' motion for a protective order. Noting, however, that plaintiff had redacted all work descriptions from the time records on which it was basing its fee request, we concluded that its invocation of the attorney-client privilege in doing this was specious, and we directed that plaintiff turn over unredacted time records reflecting the work for which it now sought compensation. (See Order dated Apr. 20, 2009). That disclosure was subsequently accomplished, and defendants have supplemented their response to the motion.

As a separate matter, plaintiff has filed an application for a fee-and-expense award in connection with its own discovery motion. That application, which seeks $74,273.00 in fees and expenses, is now also fully briefed.

ANALYSIS

We first summarize the applicable standards for awarding Rule 37 motion expenses, and then address the two expense applications by plaintiff. For the reasons that follow, we conclude that plaintiff should be awarded $25,758.80 in fees and other expenses in connection with defendants' protective-order motion, and $36,881.00 in connection with plaintiff's own motion to compel.

A. Legal Standards

The determination of an appropriate fee award under Rule 37 follows the general principles that guide such awards made under fee-shifting statutes. See, e.g., Margel v. E.G.L. Gem Lab Ltd., 2009 WL 302069, at *2-4 (S.D.N.Y. Feb. 6, 2009); Rahman v. The Smith & Wollensky Rest. Group, Inc., 2009 WL 72441, at *5-8 (S.D.N.Y. Jan. 7, 2009); Malletier v. Dooney & Bourke, Inc., 2007 WL 1284013, at *1 (S.D.N.Y. Apr. 24, 2007). Although the term "lodestar" is now disfavored by the Second Circuit, see, e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 188-90 (2d Cir. 2008), the applicable approach still contemplates (1) a consideration of the number of hours actually spent by counsel and other personnel that are deemed reasonably necessary to the successful outcome for the client and

3

(2) the setting of reasonable hourly rates for counsel, a criterion most recently, if opaquely, described as "the rate a paying client would be willing to pay." Id. at 190.

In determining how much attorney time should be compensated, the court looks initially to the amount of time spent on each category of tasks, as reflected in contemporaneous time records, e.g., Malletier, 2007 WL 1284013, at *1 (citing New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1142-43, 1147 (2d Cir. 1983)), and then decides how much of that time was "reasonably expended." Id. (internal quotations omitted). To do so "the court looks to its own familiarity with the case and . . . its experience generally as well as to the evidentiary submissions and arguments of the parties." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992) (internal quotations omitted). If the court finds that some of the time was not reasonably necessary to the outcome, it should reduce the time for which compensation is awarded. See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 434-37 (1983); Seitzman v. Sun Life Assurance Co. of Canada, Inc., 311 F.3d 477, 487 (2d Cir. 2002). Such reductions are appropriate not only for work on unsuccessful claims and arguments, but also for inefficient or duplicative work. See, e.g., Hensley, 424 U.S. at 434-37; In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987). "In reducing a claim for time spent, the court may 'use a

4

percentage deduction 'as a practical means of trimming fat from a fee application.'" Malletier, 2007 WL 1284013, at *1 (quoting McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006) (quoting Kirsch v. Fleet Street Ltd., 148 F.3d 149, 173 (2d Cir. 1998))).

As for the appropriate hourly rates for attorneys and other legal personnel, the traditional rule has required the court to look to rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); see also McDonald, 450 F.3d at 96. Recently, however, the Second Circuit has suggested that the court engage in a somewhat broader and more variegated analysis, under which it not only looks to the community-based measure of rates, but also takes into consideration a broader array of factors, first proposed by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), in order to arrive at a "presumptively reasonable fee." Arbor Hill, 522 F.3d at 188-90.[1] As noted, according to Arbor Hill the aim is

---

[1] The court in Johnson invoked a series of considerations to influence the measurement of a fee, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent;

5

to arrive at a rate that "a paying client would be willing to pay," with the court expected to "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Id. at 190.

### B. The First Application

Bearing these considerations in mind, we first address the appropriate fee levels and then turn to the amount of time properly compensable on plaintiff's initial application. The request itself seeks compensation for 164.8 hours of work by four attorneys and two paralegals in connection with the motion, including the preparation of a letter to the court, the preparation for and participation in a brief telephone conference, and the preparation of motion papers opposing plaintiff's motion for a protective order. The attorneys principally involved charged discounted hourly rates ranging from $540.00 for a senior partner to $380.00 for a senior associate and $280.00 for a junior associate, with the

---

(7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

488 F.2d at 717-19.

6

paralegals being billed at $210.00 and $100.00.² In total, plaintiff asks for fees amounting to $54,390.00, with an additional charge of $1,018.80 for computer research.

Defendants do not quarrel with the hourly rates charged, and we agree that even under the more restrictive approach commanded by Arbor Hill, those rates are defensible. The real problem with plaintiff's application concerns the amount of time for which reimbursement is sought.

The work for which plaintiff seeks compensation concerned the propriety of taking the depositions of the two principals of Forever 21, both of whom were named defendants and presumed to be knowledgeable about events involved in plaintiff's infringement claims. The tasks undertaken by Anthropologie's attorneys in dealing with this issue involved (1) the preparation of a three-page letter to the court responding to a letter request by defendants for leave to seek a protective order precluding the proposed depositions, (2) participation in a short telephone conference addressed to the scheduling of both the motion and other discovery matters, and (3) the preparation of two affidavits and a memorandum of law to oppose defendants' protective-order motion.

---

² The submitted time records reflects one entry for a fourth attorney, who spent 2.4 hours on December 24, 2008 reviewing motion papers at an hourly charge of $450.00.

The amount of time claimed by counsel for these activities is grossly excessive in view of the simplicity of the issues involved and the actual work-product provided on plaintiff's behalf by sophisticated and highly compensated counsel.

We note that the right of a plaintiff to depose named individual defendants in a case such as this is quite clear, particularly when it is likely that they have some personal knowledge of relevant facts. The research involved in establishing the legal basis for plaintiff's position is straightforward, and the articulation of the point should not require an extended commitment of time. In addition, as plaintiff's papers demonstrate, prior deposition testimony of employees of Forever 21 made it relatively clear that both Mr. and Ms. Chang had responsibilities that made it a virtual certainty that they had some involvement in the transactions or type of transactions at issue in this case, thus further simplifying the project.

Given these circumstances, the amount of attorney time for which compensation is sought cannot remotely be justified. The December 1, 2008 letter, which asks that defendants not be permitted to move for a protective order, is a short straightforward summary of plaintiff's position and offers some legal and factual support for it. Plaintiff claims 24.6 hours of

work on the letter, which is grossly disproportionate for what was involved, particularly in view of the participation of three attorneys in its preparation, including a senior partner and a senior associate.

The next step was the holding of a relatively brief telephone scheduling conference on December 4, 2008. Counsel claim a total of 2.8 hours of time spent by three lawyers in preparing for and participating in the conference. Again, for a scheduling conference this seems like overkill from a billing perspective, even if it was appropriate as a training matter to involve the entire team in sitting by the phone. Since, however, the amount of time claimed for this event is limited, it plays only a minimal role in our assessment of plaintiff's fee application.

At the conference defendants were given leave to file their motion, an opportunity of which they of course availed themselves. Plaintiff's responding papers consisted of three documents: (1) a three-page affidavit by the partner in which he summarized pertinent testimony from one prior deposition and to which he annexed the transcript and an exhibit; (2) an eight-page affidavit by the senior associate in which she summarized aspects of prior discovery (including deposition testimony and documents) that suggested the need to depose the individual defendants, responded

9

to some statements by Mr. and Mrs. Chang in their moving declarations, and cited rulings in another case involving the same defendants, as well as annexing copies of pertinent documents; and (3) a seventeen-page memorandum of law.

The preparation of these well-crafted papers is said to have required 114.9 hours of attorney time and 22.5 hours of paralegal time, or a total of 137.4 hours. This is well beyond what is reasonable under the circumstances.

We recognize that plaintiff's counsel were justified in not resting on generalized contentions that the Changs, as named defendants, should be required to testify in this case, and that the factual record in support of the inference that they had personal knowledge of key facts required more than a pro forma presentation. Nonetheless, that factual record was in significant measure provided by prior deposition testimony and documents, which plaintiff's attorney were familiar with and unquestionably would have had to review in preparation for deposing the Changs even if they had not resisted their depositions. As for the legal framework, as noted that was quite straightforward and required no extended development.

We understand that "in judging the reasonableness of an

attorney's investment of time, the court necessarily indulges in a degree of retrospective second-guessing, which can be quite unfair." Smith v. Wettenstin, 2003 WL 22966281, at *4 (S.D.N.Y. Dec. 16, 2003). We also recognize that preparation of "detailed letters or motion papers may often be of considerable assistance to the court," id., as was the case here. Nonetheless, both the needs of the case and the nature of the papers prepared by counsel do not justify the amount of time claimed, "particularly in view of the healthy hourly rate[s] that we are approving for counsel," id., rates that presumably reflect substantial experience and skill, which should translate into efficiencies in work. See, e.g., id. at *4 n.2.

To compensate for the perceived excess in time spent, we reduce the reimbursable time to the following[3]:

```
        Mr. Gulia        10 hours x $540.00   = $5,400.00
        Ms. Hew          20 hours x $380.00   = $7,600.00
        Mr. Dellaportas  2.4 hours x $450.00  = $1,080.00
        Mr. Parker       30 hours x $280.00   = $8,400.00
        Mr. Vega         6 hours x $210.00    = $1,260.00
        Mr. Grullon      10 hours x $100.00   = $1,000.00
                                        TOTAL   $24,740.00
```

Plaintiff also seeks an award of $1,018.80 for legal research charges. We see no reason not to award this amount, which appears

---

[3] In its application, plaintiff claims the following hours: Mr. Gulia 29.8 hours, Ms. Hew 31.5 hours, Mr. Dellaportas 2.4 hours, Mr. Parker 78.6 hours, and 9 and 13.5 hours, respectively, for the paralegals.

11

reasonable in light of the legal issues in question on defendants' motion.

### C. The Second Application

By motion dated December 3, 2008, plaintiff sought to compel defendants to produce additional documents and also asked for an order authorizing a consultant for plaintiff to copy and examine defendants' hard drives to ensure that all responsive documents had been provided. The initial motion papers consisted of short declarations by two attorneys for plaintiff describing their efforts to elicit full production from defendants and a thirteen-page memorandum of law, which reiterated the factual background, briefly summarized the breadth of relevancy for discovery and pointed out that plaintiff was entitled to discovery from defendants' computers. Plaintiff's counsel also prepared reply papers, which included two attorney declarations summarizing additional contacts with defendants' attorneys and noting discrepancies about defendants' sales and profits in previously produced documents, and a six-page memorandum of law arguing for plaintiff's entitlement to raw sales data and to access to defendants' computers. Finally, plaintiff sent an additional letter to the court responding to an unauthorized sur-reply from defendants.

By memorandum and order dated March 13, 2009, we granted plaintiff's motion insofar as it sought production of additional documents. As for a search of defendants' computers, we noted that neither side had offered any specifics as to the methodology for such a search, the amount of time likely to be required, and the extent (if any) of the disruption that it would cause to defendants' business. We therefore declined at that time to order such a search and instead allowed plaintiff to renew the request after receipt of defendants' documents, but directed that it do so only based on "a specific proposal" to be made by way of a forensic expert's declaration. In the wake of that decision plaintiff has not asked for such relief from the court.

Consistent with our further ruling that plaintiff be awarded the reasonable expenses of its motion, Anthropologie has requested an award of $74,273.00 in fees and other motion expenses. Of this amount, it appears that plaintiff is seeking $71,590.00 for 204 hours of attorney time and $1,330.00 for 13.3 hours of paralegal time. In addition, it asks for $1,353.00 for computer research charges.

As for the attorneys who worked on the motion and participated in the events leading up to it, we count six lawyers and one paralegal who participated in tasks that included a review of

defendants' pertinent document production, communications with defendants about deficiencies in their production, the drafting of a letter to the court concerning the dispute, the drafting of plaintiff's initial motion papers, a review of defendants' response, the preparation of plaintiff's reply, a review of defendants' sur-reply, and the preparation of a response to that submission. The hourly rates of the attorneys ranged from $540.00 to $280.00.

We start by confirming that on this motion defendants do not dispute the requested hourly rates, and we see no basis to challenge them. The heart of the dispute on the current application is, once again, the reasonableness of the total hours for which compensation is sought. Again, we find the requested amount of time to be excessive in view of the issues involved and the work product that we have seen, as well as in view of the fact that a portion of the relief sought by plaintiff was not granted.

The factual basis for the motion involved the extended efforts by plaintiff to obtain documentation of the design and ordering of products, and -- most importantly -- specific sales and price information, which was crucial to determining sales volume and profits. The history of those efforts, and the questionable nature of the data provided by defendants prior to the motion required a

14

fairly careful and detailed factual presentation, although we note that that was largely accomplished by the two initial attorney declarations, which encompassed a total of less than seven pages. Additional factual complications were introduced by defendants' belated and manifestly inadequate productions in November and December 2008, efforts that necessitated a response. Nonetheless, we note that the factual record did not require a presentation that was so substantial as to qualify as unusual. As for the legal issues, the briefing by plaintiff reflects the lack of complexity posed by the motion and by defendants' fairly limp response. Indeed, the only question that did not involve an entirely plain vanilla response was plaintiff's request for access to defendants' hard drives, and on that point plaintiff did not prevail on the motion.

We also note again that the hourly rates charged bespeak considerable experience and skill on the part of plaintiff's counsel, which should yield efficiencies that are simply not very evident from the submitted time records. In addition, the use of six attorneys for what is (or should have been) a fairly straightforward motion to compel bespeaks a level of overstaffing that should not be rewarded.

Under these circumstances, we limit the award on this motion

as follows[4]:

```
Mr. Gulia         15 hours  x $540.00  =  $8,100.00
Ms. Hew           30 hours  x $380.00  = $11,400.00
Mr. Parker        40 hours  x $280.00  = $11,200.00
Mr. Dellaportas   6.9 hours x $450.00  =  $3,105.00
Mr. McCormick     .3 hours  x $540.00  =    $162.00
Mr. Chang         .7 hours  x $330.00  =    $231.00
Mr. Grullon       13.3 hours x $100.00 =  $1,330.00
                            TOTAL        $35,528.00
```

Apart from attorney fees, plaintiff seeks an award of legal research charges, which amount to $1,353.00. Although defendants suggest that these charges are insufficiently documented, they fall well within the range of plausibility, and we therefore do not believe that they should be disallowed.

## CONCLUSION

For the reasons noted, we conclude that plaintiff should be reimbursed for its motion expenses in the amounts of $25,758.80 in connection with defendants' protective-order motion, and $36,881.00 for plaintiff's motion to compel. Payment should be made within ten days.

---

[4] In plaintiff's application it claims the following hours spent by six attorneys and one paralegal: Mr. Gulia 28.4 hours; Ms. Hew 55.2 hours; Mr. Parker 113.5 hours; Mr. Dellaportas 6.9 hours; Mr. McCormick .3 hours; Mr. Chang .7 hours; and Mr. Grullon 13.3 hours.

Dated: New York, New York
       May 15, 2009

                                                                              _____
                                     MICHAEL H. DOLINGER
                                     UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing Memorandum and Order have been mailed today to:

Gregory P. Gulia, Esq.
Vanessa C. Hew, Esq.
Duane Morris LLP
1540 Broadway
New York, New York 10036-4086

Robert L. Powley, Esq.
David J. Lorenz, Esq.
Hewson Chen, Esq.
James Martin Gibson, Esq.
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, NY 10013